IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE LABBE, et al., | No. 2:20-CV-1975-KJM-DMC |
| Plaintiffs, | |
| v. | ORDER |
| DOMETIC CORPORATION, | |
| Defendant. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court is the parties' joint motion for a protective order, ECF No. 25. The parties appeared before the undersigned in Redding, California, on August 4, 2021, at 10:00 a.m. Plaintiffs' counsel, Terrence A. Beard, Esq., appeared in person. Defendant's counsel, Leah B. Mason, Esq., appeared in person. Defendant's counsel, Erica Rutner, Esq., appeared telephonically.

**I. SUMMARY OF DISCOVERY DISPUTE**

Each side asserts its version is based on prior protective orders issued in other cases involving Defendant Dometic Corporation. See id. at 2. Plaintiffs' proposed protective order is attached to the parties' joint motion as Exhibit A. See ECF No. 25-1. Defendant's proposed protective order is attached to the parties' joint motion as Exhibit B. See ECF No. 25-2.

1

The two versions are identical <u>except</u> as to Sections 6.3, 11.2, and 12.4. The parties' competing versions of the three disputed sections are outlined below.

SECTION 6.3

| **Plaintiffs' Version** | **Defendant's Version** |
|---|---|
| <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality designation under Civil Local Rule 230 (and in compliance with Civil Local Rules 140 and 141.1, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.<br><br>The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. | <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality designation under Civil Local Rule 230 (and in compliance with Civil Local Rules 140 and 141.1, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation challenge for each challenged designation. In addition, the Designating Party may file a motion to retain a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.<br><br>The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. |

SECTION 11.2

| Plaintiffs' Version | Defendant's Version |
|---|---|
| NOT INCLUDED | <u>Inadvertent Disclosure of Confidential Information to a Third Party</u>.  In the event confidential information is inadvertently disclosed to a third party other than those identified in this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the Party who made the disclosure must make all reasonable efforts to retrieve the confidential information and/or to confirm that all copies of the confidential information in the third party's possession have been destroyed. Additionally, counsel for the Party who made the disclosure must make every effort to prevent further unauthorized disclosure on its own part or on the part of the third party. |

SECTION 12.4

| Plaintiffs' Version | Defendant's Version |
|---|---|
| NOT INCLUDED | <u>Enforcement</u>.  A breach of the terms of this Protective Order is subject to the full powers and jurisdiction of the Court, including but not limited to the powers of contempt and injunctive relief, and shall entitle the non-breaching party to appropriate sanctions, including but not limited to all attorneys' fees and other costs incurred in the enforcement of this Protective Order. |

## II.  DISCUSSION

At the hearing, the parties represented to the Court that they had been able to reach an agreement regarding Section 11.2.  At issue, therefore, are two provisions in the parties' otherwise identical proposed protective orders – Sections 6.3 and 12.4.  Notably, neither party cites any authority in support of its respective position.  Instead, the parties discuss similar cases filed against Defendant Dometic in other courts, specifically <u>Papasan, et al., v. Dometic Corporation</u>, 3:16-CV-2117 (N. Dist. Cal.), and <u>Varner, et al. v. Dometic</u>

3

1  Corporation, 1:1-CV-22482 (S. Dist. Fla.).  See ECF No. 25, pgs. 2, 3, 5-6.  The Papasan action
2  has been transferred to the Southern District of Florida and consolidated with the Varner action
3  and two other actions pending in that court at the time.  While the Varner plaintiffs' case was
4  dismissed, the consolidated case nonetheless proceeds in the Southern District of Florida under
5  the Varner caption.  Plaintiffs state that their version of the sections at issue was accepted and
6  entered on the docket in the Papasan case prior to transfer to the Southern District of Florida;
7  Defendant contends its version was entered in the now-dismissed Varner plaintiffs' case in the
8  consolidated action proceeding under the Varner caption.

   **A.    Section 6.3**

The parties' versions of this disputed section, relating to judicial intervention, are identical save for which party bears the burden on a motion over a challenged confidentiality designation.  Plaintiffs would have the burden on the party designating material as confidential to retain the designation; Defendant would have the burden on the party challenging a confidentiality designation.  The parties cite no authority in support of their respective positions concerning which side should bear the burden.  Upon consideration of the parties' arguments for and against their respective versions of Section 6.3, the Court finds in favor of Defendant's version, by which the challenging party will have the burden of filing any motion seeking to remove a confidentiality designation as well as the burden of persuasion on any such motion.

Defendant's version of Section 6.3 is accepted; Plaintiffs' version of Section 6.3 is rejected.

   **B.    Section 12.4**

Defendant asserts Section 12.4 regarding sanctions is necessary in light of Plaintiffs' counsel's alleged prior conduct.  See ECF No. 25, pg. 5.  According to Defendant:

> . . .In order to ensure that Plaintiffs' counsel does not continue to carelessly disclose Dometic's confidential information, a provision requiring the imposition of sanctions is necessary and appropriate.  Indeed, the fact that Plaintiffs' counsel opposes such a provision speaks volumes about Plaintiffs' counsel's intentions and only further confirms the need for such a provision.

Id.

Plaintiffs contends proposed Section 12.4 is a "sanction trap, designed to weaponize the protective order and enhance it as a tool of intimidation by promoting unnecessary and time consuming 'gotcha' motion practice. . . ."

Defendant's proposed Section 12.4 is unnecessary because violation of the protective order is already "subject to the full powers and jurisdiction of the Court" under the Federal Rules of Civil Procedure. Defendant's proposed Section 12.4 is rejected.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' joint motion for a protective order, ECF No. 25, is granted in part and denied in part as explained above; and

2. On or before the close of business on August 9, 2021, Defendant's counsel shall submit to the Court a proposed protective order consistent with the Court's ruling herein.

Dated:  August 5, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE