Krsto Mijanovic (Bar No. 205060)
 *kmijanovic@hbblaw.com*
Leah B. Mason (Bar No. 240425)
 *lmason@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone:   213.542.8000
Facsimile:   213.542.8100

Erica W. Rutner (Admitted *Pro Hac Vice*)
 *e.rutner@mooreandlee.com*
MOORE & LEE, LLP
110 SE 6th Street, Suite 1980
Fort Lauderdale, FL 33301
Telephone:   703.506.2050
Facsimile:   703.506.2051

Counsel for Defendant
DOMETIC CORPORATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| LANE LABBE'; LISA LABBE'; JANE LABBE'; APRIL TOMCZAK,<br><br>Plaintiffs,<br><br>v.<br><br>DOMETIC CORPORATION, a Delaware corporation, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 2:20-CV-01975-KJM-DMC<br><br>**DEFENDANT DOMETIC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION OF ECF NO. 55**<br><br>Hearing Date: September 21, 2022<br>Time: 10:00am<br>Magistrate Judge: Dennis Cota |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 5

    I.    The Buc Testing Materials are Protected Work Product ....................................................... 5

    II.   Dometic Did Not Waive Its Work Product Assertions Over the Buc Testing Materials ................................................................................................................................ 9

    III.  Dometic Has Satisfied the Requirements of the Local Rules ....................................... 14

CONCLUSION ............................................................................................................................. 14

CERTIFICATE OF GOOD FAITH CONFERENCE ................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**

*Amarel v. Cornell*,
   102 F.3d 1494 (9th Cir.1996) ........................................................................................... 3

*Billups v. Ramirez*,
   No. 1:07-CV-00062-CKJ, 2009 WL 2151389 (E.D. Cal. July 17, 2009) ................................. 4

*Bordallo v. Reyes*,
   763 F.2d 1098 (9th Cir. 1985) .......................................................................................... 4

*Burlington Northern Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. Of Montana*,
   408 F.3d 1142 (9th Cir. 2005) ...................................................................................... 9, 10

*Carter v. Rosenberg & Estis, P.C.*,
   No. 95 CIV. 10439 (DLC), 1996 WL 695866 (S.D.N.Y. Dec. 4, 1996) ................................. 12

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*,
2010 WL 11527271 (W.D. Wash. Apr. 27, 2010) ............................................................... 8

*Felipe v. Surgees*,
   No. 1:06-CV-00086-CKJ, 2009 WL 798993 (E.D. Cal. Mar. 24, 2009) ................................. 4

*First Nat'l Bank in Sioux Falls v. Warner Bros. Entm't, Inc.*,
   No. 09-cv-8887-GAF, 2011 WL 13213998 (C.D. Cal. Sept. 14, 2011) ................................. 12

*Green v. Baca*,
   226 F.R.D. 624 (C.D. Cal. 2005) ...................................................................................... 6

*Griffith v. Davis*,
   161 F.R.D. 687 (C.D. Cal. 1995) ................................................................................... 6, 7

*Hollinger Int'l Inc. v. Hollinger Inc.*,
   230 F.R.D. 508 (N.D. Ill. 2005) ........................................................................................ 13

*In re Grand Jury Subpoena (Torf)*,
   357 F.3d 900 (9th Cir. 2004) ........................................................................................ 6, 7

*In re Grand Jury*,
   23 F.4th 1088 (9th Cir. 2021) .......................................................................................... 6

*In re PolyMedica Corp. Sec. Litig.*,
   235 F.R.D. 28 (D. Mass. 2006) ........................................................................................ 13

*JDS Therapeutics, LCC v. CVS Pharmacy, Inc.*,
   No. 15-CV-4365 JSR, 2015 WL 6459092 (S.D.N.Y. Oct. 22, 2015) ........................................ 8

*Johnson v. Ford Motor Co.*,
   2016 WL 1241538 (S.D. W. Va. Mar. 28, 2016) ..................................................................... 8

*King Cnty. v. Viracon, Inc.*,
   No. 2:19-CV-508-BJR, 2020 WL 6270799 (W.D. Wash. Oct. 26, 2020) ................................. 8

*Kintera, Inc. v. Convio, Inc.*,
   219 F.R.D. 503 (S.D. Cal. 2003) ............................................................................................. 6

*Ludwig v. Pilkington,* No.,
   03 C 1086, 2003 WL 22242224 (N.D. Ill. Sept. 29, 2003) ..................................................... 13

*Maria Del Socorro Quintero Perez, CY v. United States*,
   No. 13CV1417-WQH-BGS, 2016 WL 362508 (S.D. Cal. Jan. 29, 2016) ............................. 11

*S.E.C. v. Beacon Hill Asset Mgmt. LLC*,
   231 F.R.D. 134 (S.D.N.Y. 2004) .......................................................................................... 12

*Schuman v. Microchip Tech. Inc.*,
   No. 16CV05544HSGEDL, 2019 WL 8333737 (N.D. Cal. Jan. 8, 2019) .............................. 10

*Trireme Medical, LLC v. Angioscore, Inc.*,
   No. 14-cv-2946-LB, 2016 WL 4191828 (N.D. Cal. Aug. 9, 2016) ........................................ 12

*Underhill v. Coleman Co.*,
   No. 3:12-CV-129-JPG-DGW, 2012 WL 4388572 (S.D. Ill. Sept. 25, 2012) ........................... 8

*U.S. Inspection Servs., Inc. v. NL Engineered Solutions., LLC*,
   268 F.R.D. 614 (N.D. Cal. 2010) ..................................................................................... 7, 13

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................. passim

Federal Rule of Evidence 502(a) ................................................................................................ 16

Pursuant to Eastern District of California Local Rule 230(j), Dometic Corporation ("Dometic"), by through its undersigned attorneys, hereby submits this Memorandum in Support of its Motion for Clarification or, in the Alternative, Reconsideration of ECF No. 55.

## INTRODUCTION

For nearly 20 years, Dometic has maintained work product protection over testing documents prepared by Dr. Elizabeth Buc (the "Buc Testing Materials")—a third-party consultant hired by Dometic's outside counsel because of pending and anticipated litigation. Dometic raised this work product objection prominently in both its discovery responses and in the two-part Joint Discovery Dispute Statement submitted to this Court [ECF Nos. 49, 51] ("Joint Statement"). At the hearing held on the Joint Statement, the Court noted that the dispute over the Buc Testing Materials was complex and the parties should therefore submit supplemental briefing on Dometic's objections. Yet, in the subsequent Order issued by the Court, it held that the Buc Testing Materials were not protected by the <u>attorney-client privilege</u> and it directed the parties to submit supplemental briefing only on the relevance of these materials. *See* ECF No. 55 ("July 29, 2022 Order"). But Dometic has not asserted that the underlying Buc Testing Materials are protected by the attorney-client privilege; instead, it maintains that the Buc Testing materials are protected by the work product doctrine. Dometic has only asserted the attorney-client privilege with respect to communications between Dometic, Dr. Buc, and Dometic's outside counsel.

The Court's July 29, 2022 Order did not address whether or not the Buc Testing Materials are protected work product and thereby shielded from disclosure. Given Dometic's work-product objection—one that it has long maintained in every litigation in which these materials have been requested—Dometic will be prejudiced if it is ordered to produce the Buc Testing Materials without a ruling on its work product assertion. Dometic therefore seeks clarification on the Court's

July 29, 2022 Order and/or reconsideration of the decision with respect to Dometic's work product assertion over the Buc Testing Materials.

**BACKGROUND**

In this litigation (as in multiple others), Plaintiffs' counsel requested that Dometic produce the Buc Testing Materials. Upon receiving Plaintiffs' request for these materials, Dometic objected that (a) they are not discoverable because they are irrelevant and not proportional to the needs of the case, and (b) to the extent discoverable, they are protected by the work product doctrine and the attorney client privilege. *See* ECF No. 51 at 204 (Dometic's Responses and Objections to RFP No. 61). Then, in the Joint Statement submitted to this Court, Dometic clearly explained its position that the Buc Testing Materials "are Non-Discoverable Work Product." Joint Statement at 46. In so doing, Dometic cited to Rule 26(b), it addressed the "because of" work product standard that the Ninth Circuit utilizes, and it referenced several cases supporting its work product assertions over testing documents prepared by a third-party consultant in anticipation of litigation. *Id.* at 47-49.

In contrast with the underlying testing materials themselves, Dometic then also explained that "any and all ***communications*** by and between Dometic's attorneys and Dometic's third-party testing agencies, including Dr. Buc, are also protected by the attorney-client privilege." *Id*. at 49 (emphasis added). In so doing, Dometic cited to and relied on case law finding that "the attorney-client privilege extends to communications between a party's attorneys and outside agents hired at the direction of counsel." *Id*. at 50. In other words, Dometic has not asserted and does not assert that all the testing materials prepared by Dr. Buc are attorney-client privileged; it asserts only that ***communications*** between Dr. Buc and its attorneys relating to the testing are privileged. On the other hand, Dometic has at all times asserted that the underlying testing materials are protected in

their entirety by the work product doctrine. This is consistent with the position Dometic has taken in other cases in which Plaintiffs' counsel has sought these materials.[1]

In Section II(F) of the July 29, 2022 Order, the Court addressed the Buc Testing Materials and found that they were not protected by the ***attorney-client privilege*** because "the attorney-client privilege applies only to communications and not underlying facts" and because Dometic did not produce a privilege log with respect to the materials. *See* ECF No. 55 at 14. The Court then ordered the parties to submit supplemental briefing on the relevance of the Buc Testing Materials. Yet, the Court did not address or resolve Dometic's long-standing assertion that the Buc Testing Materials are protected by the work product doctrine. Indeed, the July 29, 2022 Order does not contain any discussion of or reference to Dometic's work product assertions over these materials. Nor did the Court order the parties to submit supplemental briefing on Dometic's work product objection, as it did with Dometic's relevance objection. Dometic therefore seeks clarification as to the nature of the Court's Order on its work product assertions over the Buc Testing Materials. Furthermore, to the extent the Court intended to reject Dometic's work product assertions for the same reasons as explained with respect to the attorney-client privilege, Dometic seeks reconsideration of the Court's Order pursuant to Local Rule 230(j).

## LEGAL STANDARD

Prior to final judgement, a court possesses the authority to reconsider interlocutory rulings at any time. *See Amarel v. Cornell*, 102 F.3d 1494, 1515 (9th Cir.1996) (stating that "the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by

---

[1] *See, e.g., Varner et al. v Dometic Corp.*, Case No. 1:16-cv-22482, ECF No. 53 (also attached as Ex. A) at 7 (arguing that the testing materials prepared by Dr. Buc are protected from disclosure by the work product doctrine); *id.* at 8 (arguing that "any communications by and between Dometic's attorneys and the third-party resting agencies are also protected by the attorney-client privilege"). *See also Papasan et al. v. Dometic Corp.*, Case No. 1:17-cv-22482 (S.D. Fla.).

the district judge at any time prior to final judgment"). Indeed, Local Rule 230(j) expressly contemplates the filing of a motion for reconsideration on a showing of the "grounds [that] exist for the motion." E.D. Cal. L.R. 230(j). Courts in this District have held that motions for reconsideration are appropriate where there is "the need to correct a clear error or the need to prevent manifest injustice." *Billups v. Ramirez*, No. 1:07-CV-00062-CKJ, 2009 WL 2151389, at *1 (E.D. Cal. July 17, 2009), *aff'd*, 393 F.App'x 492 (9th Cir. 2010). This extends to circumstances in which "the court has patently misunderstood a party or has made an error not of reasoning but of apprehension." *Felipe v. Surgees*, No. 1:06-CV-00086-CKJ, 2009 WL 798993, at *1 (E.D. Cal. Mar. 24, 2009). The Court may also clarify a previous order without necessarily amending it. *See Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (finding a party's request for clarification proper as it invited interpretation rather than amendment).

As discussed above, the Court did not address or resolve Dometic's work product assertions over the Buc Testing Materials in the July 29, 2022 Order. Thus, it is not clear whether the Court intended to reject any work product objection over the materials or whether it simply failed to address this objection in the July 29, 2022 Order. To the extent the Court intended that the July 29, 2022 Order resolve all objections over the Buc Testing Materials with the exception of Dometic's relevance objection, it appears the Court misunderstood or misapprehended the nature and scope of Dometic's work product objection over the Buc Testing Materials. In addition, to the extent the Court intended to specifically reject Dometic's work product assertions for the same reasons as it rejected Dometic's attorney-client privilege assertions, any such ruling is clearly erroneous based on existing Ninth Circuit precedent. Either way, the current scope of the July 29, 2022 Order will result in manifest injustice to Dometic by depriving it of its right to have its work product assertions resolved in accordance with applicable law. Dometic therefore asks the Court

to clarify the nature of its ruling and/or to reconsider any decision that the Buc Testing Materials are not protected by the work product doctrine.

## ARGUMENT

### I. The Buc Testing Materials are Protected Work Product

In response to pending and anticipated litigations regarding alleged fires in Dometic-branded refrigerators, Dometic retained outside counsel Barnes & Thornburg LLP ("Barnes & Thornburg") in 2005. *See* Nov. 1, 2016 Decl. of Douglas Dieterly ("Dieterly Decl.") (Ex. B), ¶ 4. To assess Dometic's potential exposure and liability in these litigations and to aid Dometic in its defenses to such litigation, Barnes & Thornburg hired an outside expert, Dr. Elizabeth Buc, to perform testing on certain Dometic-branded refrigerators. *See* Dieterly Decl. ¶ 6; *see also* April 29, 2019 Deposition of Douglas Dieterly ("Dieterly Dep.") (Ex. C) at 65:7-19.[2] Barnes & Thornburg took the lead in coordinating and overseeing the testing. Dieterly Decl. ¶¶ 4-6, 9.

While the testing ultimately led Dometic to conduct recalls of certain Dometic-branded refrigerators, Barnes & Thornburg unequivocally directed that the testing be conducted because of pending and anticipated litigation against Dometic. Dieterly Decl. ¶ 6. As Douglas Dieterly of Barnes & Thornburg testified, "[a]s defense counsel responsible for the defense of pending litigation and in anticipation of future litigation, I wanted to know, precisely, what was going on." Dieterly Dep. at 53:5-8. At the time of the testing, and at all times thereafter, it was intended and believed that the investigations and any written reports or related communications would remain privileged under multiple sources of legal protection, including the work product doctrine. Dieterly

---

[2] Dr. Buc originally worked at Safety Engineering Laboratories, Inc. ("SEL") but now owns the firm Fire and Materials Research Laboratory LLC ("FMRL"). During the pendency of the testing, Dometic engaged her services through both SEL and FMRL. Dieterly Decl. ¶ 5; Jan. 24, 2019 Deposition of Dr. Elizabeth Buc (Ex. D) at 10:12-23; 92:4-5.

Decl. ¶ 11. Moreover, Dometic has at all times maintained the privileged and confidential nature of the Buc Testing Materials and has never disclosed (or been ordered to disclose) the materials in any litigation. *See* July 30, 2022 Declaration of Patrick McConnell (Ex. E), ¶ 3.

Rule 26(b) of the Federal Rules of Civil Procedure (the "Rules") governs the work product doctrine and provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Rule 26(b) further provides that a party ordinarily may not "discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation…and who is not expected to be called as a witness." Fed. R. Civ. P. 26(b)(4)(D). In determining whether the work product doctrine prevents disclosure of specific documents, fact or otherwise, the Ninth Circuit utilizes the "because of" test. This test considers the totality of the circumstances, affording protection where "it can be fairly said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." *In re Grand Jury*, 23 F.4th 1088, 1091-92 (9th Cir. 2021) (quoting *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 908 (9th Cir. 2004)). The Ninth Circuit does not "consider whether litigation was the primary or secondary motive behind the creation of the document." *Id*.

In addition, California federal courts have repeatedly stated that "Rule 26(b)(3) provides for protection of both 'fact' work product and 'opinion' work product." *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003); *Griffith v. Davis*, 161 F.R.D. 687, 698-99 (C.D. Cal. 1995); *see also Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005) ("There are two types of work product, ordinary work product and opinion work product."). "Fact work product consists of factual material that is prepared in anticipation of litigation or trial." *Kintera, Inc.*, 226 F.R.D. at

652l; *Griffith*, 161 F.R.D. at 698–99. Moreover, the plain terms of Rule 26(b)(4) specifically extend to "***facts*** known" by a non-testifying expert. Fed. R. Civ. P. 26(b)(4)(D) (emphasis added). Such facts are discoverable only upon a "showing of exceptional circumstances." *Id*.

Given the standards enunciated above, both the Ninth Circuit and California federal courts have held that testing documents created by outside consultants retained at the direction of counsel in anticipation of litigation are subject to Rule 26's work product protections. In particular, in *In re Grand Jury Subpoena (Torf)*, the Ninth Circuit confirmed that testing documents prepared by a consultant at the direction of counsel were protected from disclosure by the work product doctrine because the documents were prepared to help the party's attorney advise and defend the party in anticipated litigation. 357 F.3d 900, 905-910 (9th Cir. 2004). The protected documents specifically included "sampling and testing paint properties, investigating properties that might include hazardous waste, and other investigative tasks." *Id*. Likewise, in *U.S. Inspection Servs., Inc. v. NL Engineered Solutions., LLC*, the court held that testing documents generated by an outside consultant were protected from disclosure by the work product doctrine even though the materials were used both for litigation purposes and to assist with a product recall because "the litigation purpose of retaining Exponent 'so permeate[d]' the concomitant purpose of assisting with the recall that 'the two purposes cannot be discretely separated from the factual nexus as a whole.'" 268 F.R.D. 614, 615-16 (N.D. Cal. 2010). As in *Torf*, the protected documents included "testing records, analyses, reports, photographs, samples and raw data related to [the expert's] analysis of [the product at issue]." *Id*.

In the aforementioned cases, neither the Ninth Circuit nor the Northern District of California ever mentioned the factual nature of the experts' testing—much less concluded that the testing materials were discoverable because they contained factual material. In fact, in

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, the court specifically rejected that notion and held that the fact that "testing reports contain factual material rather than attorney mental impressions does not divest them of work product protection. Instead, the burden merely shifts to [the moving party] to show a substantial need for the material and an inability to obtain substantially equivalent material without undue hardship." No. C08-1372 RSM, 2010 WL 11527271, at *3 (W.D. Wash. Apr. 27, 2010).[3]

The facts here closely mirror those in the above-referenced cases. Dometic's outside counsel hired a third-party testing agency to conduct testing of certain Dometic-branded gas absorption refrigerators related to fires alleged against Dometic in pending and anticipated litigation. Regardless of whether the testing constitutes a "fact" that falls outside the protections of the attorney-client privilege, Dr. Buc conducted the testing at outside counsel's direction because of pending and anticipated litigation. The underlying documentation—including testing records, reports, analyses, photographs, and raw data—therefore unquestionably qualifies for protection under the work product doctrine. Moreover, Plaintiffs do not even allege—much less capably establish—substantial need, undue hardship, or exceptional circumstances warranting production of the materials. Accordingly, even if the testing is deemed factual in nature, the Buc

---

[3] *See also JDS Therapeutics, LCC v. CVS Pharmacy, Inc.*, No. 15-CV-4365 JSR, 2015 WL 6459092, at *1 (S.D.N.Y. Oct. 22, 2015) (stating that the plain language of Fed. R. Civ. P. 26(b)(3) attaches the work product doctrine to testing-related documents); *King Cnty. v. Viracon, Inc.*, No. 2:19-CV-508-BJR, 2020 WL 6270799, at *3–4 (W.D. Wash. Oct. 26, 2020) (finding documents related to testing performed at the direction of outside counsel protected under the work product doctrine); *Johnson v. Ford Motor Co.*, 2016 WL 1241538, at *9 (S.D. W. Va. Mar. 28, 2016) (holding that an outside report commissioned by Ford to study the incidence of unintended acceleration in its vehicles was work product because Ford had undertaken the analysis in order to assist its lawyers in providing legal advice regarding pending and anticipated litigation involving claims of sudden unintended acceleration); *Underhill v. Coleman Co.*, No. 3:12-CV-129-JPG-DGW, 2012 WL 4388572, at *4 (S.D. Ill. Sept. 25, 2012) (holding that certain testing documents were protected work product because it was reasonable "to conclude that safety testing would have occurred in anticipation of litigation similar to the instant case").

Testing Materials are not discoverable under applicable work product law.

In the July 29, 2022 Order, the Court did not address Dometic's work product assertions over the Buc Testing Materials. The Court did not assess whether the materials were prepared at the direction of counsel or because of anticipated litigation. The Court did not assess whether the work product doctrine applies to testing documents containing factual material. And the Court did not conclude that the materials were nevertheless discoverable notwithstanding Dometic's work product assertions. The Court only addressed the issue of attorney client privilege and ordered the parties to submit supplemental briefing on relevance. It is unclear to Dometic whether the Court understood and rejected Dometic's work product objection on the grounds that the testing constitutes facts or whether the Court simply misunderstood the nature of Dometic's work product objections. Accordingly, Dometic seeks clarification and/or reconsideration of the Court's July 29, 2022 Order in this regard on the grounds that the Court either misunderstood Dometic's work product objection or committed a clear error of law in rejecting that objection.

## II. Dometic Did Not Waive Its Work Product Assertions Over the Buc Testing Materials

In addition to finding that the Buc Testing Materials are non-privileged facts, the Court also held in the July 29, 2022 Order that Dometic waived its privilege claims over the Buc Testing Materials simply because it did not produce a privilege log with its responses and objections. ECF No. 55 at 14. Again, however, the Court made no mention of Dometic's work product assertion over these materials and it did not address any waiver of this assertion. Moreover, despite Dometic providing ample authority to the contrary in the Joint Statement, the Court's July 29, 2022 Order did not address Dometic's arguments or the authority on which it rested in this regard. Rather, the Court summarily cited to *Burlington Northern Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist.*

*Of Montana*, 408 F.3d 1142 (9th Cir. 2005) in concluding that there was a waiver of the attorney-client privilege. Yet, *Burlington* does not establish any such waiver. To the contrary, the Ninth Circuit explicitly stated in *Burlington* that it has rejected a "*per se* waiver rule that deems a privilege waived" if a privilege log is not produced contemporaneously with discovery responses. *Id.* Instead, *Burlington* directed that courts should engage in a holistic analysis of any waiver under the circumstances, considering factors such as, *inter alia* (i) the timeliness of the assertion, (ii) the magnitude of the document production, and (iii) the degree to which the assertion enables evaluation. *Id.* The Court did not address these factors or engage in the requisite analysis in the July 29, 2022 Order. This is particularly problematic given that Plaintiffs' counsel has long been in possession of Dometic's privilege log with respect to the Buc Testing Materials and is entirely capable of evaluating Dometic's privilege assertions. The Court's failure to consider this and other relevant factors constitutes a manifest error of law. While not set forth in the July 29, 2022 Order, to the extent the Court intended to apply these same waiver principles to Dometic's work product assertions, the Court should reconsider any such decision.

Beyond that, the Court's July 29, 2022 Order never addressed the import of Dometic's relevance objections and whether those objections vitiated the need for any privilege log on the Buc Testing Materials. A privilege log is not required where a party asserts both relevance and privilege objections. *See Schuman v. Microchip Tech. Inc.*, No. 16CV05544HSGEDL, 2019 WL 8333737, at *2 (N.D. Cal. Jan. 8, 2019) (finding relevant documents "should be produced or, if Defendants still contend they are privileged … included in the privilege log … ."). Instead, a party is obligated to provide a privilege log only if it "withholds information *otherwise discoverable* [*e.g.*, relevant] by claiming that the information is privileged … ." Fed. R. Civ. P. 26(b)(5) (emphasis added). In fact, counsel is expected to "know [that] when a party produces a privilege

log, information on that log is presumed to be 'otherwise discoverable." *Maria Del Socorro Quintero Perez, CY v. United States*, No. 13CV1417-WQH-BGS, 2016 WL 362508 at *1 (S.D. Cal. Jan. 29, 2016) (discussing "counsel's error of improperly listing irrelevant documents" in its privilege log). In other words, had Dometic produced a privilege log, an argument could be made that it waived its relevance objections over the Buc Testing Materials. It is manifestly unjust to require that Dometic risk waiving its relevance objections in order to preserve its attorney-client privilege or work product objections. As such, Dometic's relevance objections also warrant reconsideration of any decision regarding waiver of the work product doctrine.[4]

Finally, while not discussed in the July 29, 2022 Order, it is also worth addressing Plaintiffs other waiver arguments regarding the Buc Testing Materials as the Court may now reassess those arguments in ruling on this Motion.[5] In particular, Plaintiffs argue that Dometic waived any applicable privilege over all Buc Testing Materials because it disclosed the existence and results of the testing in the Chronology of Events it submitted to NHTSA at the time of the 2006 and 2008 recalls. In other words, they contend that the limited disclosures made to NHTSA give rise to a complete subject matter waiver over all Buc Testing Materials. Plaintiffs are wrong, for at least two reasons.

First, Plaintiffs' argument is directly contravened by the scope of Federal Rule of Evidence

---

[4] While Dometic maintains that it is not required to produce a privilege log for the Buc Testing Materials unless and until its relevance objections are overruled, it nevertheless produced the log to Plaintiffs' counsel following the hearing and the Court's July 29, 2022 Order. Plaintiffs' counsel has been in possession of this same log since 2018, when he requested these same materials in the *Papasan* litigation.

[5] It was Dometic's understanding at the July 20, 2022 hearing that the Court would request supplemental briefing on the issue of waiver, however the Court's July 29, 2022 Order does not expressly reference that issue in describing the requested supplemental briefing. Dometic therefore addresses these arguments in this Motion as they are intrinsically intertwined with the other issues raised herein.

11
**DEFENDANT DOMETIC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION
Labbe'/Tomczak vs. Dometic Corporation, et al.
No.: 2:20-cv-01975-KJM-DMC**

502(a)—which governs subject matter waiver of both the attorney-client privilege and the work product doctrine. The Advisory Committee's Notes to Federal Rule of Evidence 502(a) provide that subject matter waiver (of either privilege or work product) is "***limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner***." Fed. R. Evid. 502(a) advisory committee's note (emphasis added). Pursuant to this directive, courts have held that extrajudicial disclosure of a privileged document "not subsequently used by the client in a judicial proceeding to his adversary's prejudice" does not give rise to subject matter waiver over undisclosed aspects of the materials. *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 141–43 (S.D.N.Y. 2004); *see also Carter v. Rosenberg & Estis, P.C.*, No. 95 CIV. 10439 (DLC), 1996 WL 695866, at *3 (S.D.N.Y. Dec. 4, 1996) (denying plaintiffs access to documents and communications underlying a governmental investigation because "plaintiff has not shown that defendants used the report as both a sword and a shield to such an extent that it can assert there has been a 'subject matter waiver'").[6] Dometic has not put the Buc Testing Materials at issue in this litigation; indeed, it has no intention of using or relying on the materials for any purpose—much less in a selective, misleading, or unfair manner. Plaintiffs' subject matter waiver argument therefore fails for this reason alone.

Second, Plaintiffs' argument also fails under Rule 26(b)(4) and related principles of fairness. As the court in U*.S. Inspection Services, Inc. v. NL Engineering Solutions, LLC* aptly pointed out, "courts have been unwilling to find subject-matter waiver of a non-testifying expert's

---

[6] *First Nat'l Bank in Sioux Falls v. Warner Bros. Entm't, Inc.*, No. 09-cv-8887-GAF, 2011 WL 13213998, at *4 (C.D. Cal. Sept. 14, 2011) (rejecting argument that there was a "subject matter" waiver when the opposing party disclosed a single letter because the disclosing party did not use the document as a sword and a shield); *Trireme Medical, LLC v. Angioscore, Inc.*, No. 14-cv-2946-LB, 2016 WL 4191828, at *3 (N.D. Cal. Aug. 9, 2016) (finding there was no "subject matter" waiver because the disclosing party was not "selectively disclosing privileged material to gain a tactical advantage" by using the privilege as "both shield and sword").

undisclosed documents where there has been partial disclosure of the expert's materials—based ultimately on principles of fairness." 268 F.R.D. 6 at 625; *see also, e.g., Hollinger Int'l Inc. v. Hollinger Inc.,* 230 F.R.D. 508, 521–22 (N.D. Ill. 2005) (declining to extend waiver to the undisclosed portions of a non-testifying expert's report and to all other documents involving the same subject matter, even where portions of expert's findings had already been disclosed); *In re PolyMedica Corp. Sec. Litig.,* 235 F.R.D. 28, 32–33 (D. Mass. 2006) (commenting that "[w]hether the protection of Rule 26(b)(4)(B) can be waived at all is a difficult question," stating that "[t]he ... concern for fairness underlies the treatment of discovery of experts under [Rule] 26(b)(4)," and denying waiver of underlying documents on same subject matter where non-testifying expert report had been disclosed because there was no evidence that defendants sought to use the disclosed report as both "sword and shield" in any judicial proceeding); *Ludwig v. Pilkington,* No. 03 C 1086, 2003 WL 22242224, at *3 (N.D. Ill. Sept. 29, 2003) (finding that even if doctrine of waiver applied to Rule 26(b)(4)(B), any waiver is limited to material disclosed and does not apply to undisclosed material).

Not only does Dometic have no intention of relying on the Buc Testing Materials—it has no intention of relying on any of the results of Dr. Buc's testing as disclosed in the Chronology of Events.[7] Thus, as in *U.S. Inspection Services*, there is no indication that Dometic is attempting to use some of Dr. Buc's analysis to its advantage while "withholding the rest to shelter unfavorable evidence." 268 F.R.D. at 625. As such, based on the principles of fairness enunciated above, there

---

[7] To be sure, as will be discussed in more detail in Dometic's Response to Plaintiffs' Supplemental Brief on the Relevance of the Buc Testing Materials, Dometic's disclosures to NHTSA about the underlying cause of fatigue cracking and associated leaks in the boiler tube is unrelated to and not based upon Dr. Buc's testing or any of the Buc Testing Materials. Thus, Dometic's stated intention in this regard specifically does not extend to the statements it made to NHTSA about the cause of underlying fatigue cracking and associated leaks in the boiler tube.

is no basis for finding that the narrow disclosures Dometic made to NHTSA about Dr. Buc's testing give rise to a complete waiver over all the Buc Testing Materials.

### III. Dometic Has Satisfied the Requirements of the Local Rules

Local Rule 230(j) states that an application for reconsideration must include: (1) the material facts and circumstances surrounding the motion for which the reconsideration is sought and when and to what Judge or Magistrate Judge the prior motion was made, (2) what ruling, decision, or order was made thereon, (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and (4) why the facts or circumstances were not shown at the time of the prior motion.

Dometic's Motion for Clarification and/or Reconsideration deals with the portion of the July 29, 2022 Order addressing the Buc Testing Materials. The Order was issued by the Magistrate Judge after a hearing held on the Joint Statement. The grounds for the Motion are that the Buc Testing Materials are protected by the work product doctrine and that Dometic was not required to produce a privilege log under applicable law. While Dometic articulated these arguments in the Joint Statement and at the hearing, it appears the Court misunderstood or misapprehended Dometic's position regarding its work product assertions over the Buc Testing Materials. Alternatively, to the extent the Court understood Dometic's position, the Court committed a clear error of law in declining to extend work product protection to the Buc Testing Materials. For these reasons and the reasons set forth more fully above, Dometic has satisfied the requirements of Local Rule 230(j).

## CONCLUSION

For the foregoing reasons, Dometic respectfully requests the Court clarify and/or

reconsider the July 29, 2022 Order with respect to Dometic's work product assertions over the Buc Testing Materials.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I certify that I conferred with Plaintiffs' counsel regarding this Motion and Plaintiffs oppose the relief sought herein.

DATED: August 12, 2022

                                  **HAIGHT BROWN & BONESTEEL LLP**
                                  **MOORE & LEE, LLP**

                                  By: /s/ *Erica Rutner*

                                      Krsto Mijanovic
                                      Leah B. Mason
                                      Erica W. Rutner

                                      *Attorneys for Defendant*
                                      DOMETIC CORPORATION

# PROOF OF SERVICE

Lane Labbe, et al. v. Dometic Corporation

US District Court Case No. 2:20-CV-01975-KJM-DMC

**STATE OF , COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On August 12, 2022, I served true copies of the following document(s) described as **DEFENDANT DOMETIC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE RECONSIDERATION** on the interested parties in this action as follows:

Terrence A. Beard
Law Offices of Terrence A. Beard
P.O. Box 1599
Sutter Creek, CA 95685

Attorney for Plaintiff
Tel: 925.778-1060
Email: tbeard1053@aol.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address sgoldberg@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 12, 2022, at Los Angeles, California.

Stacey Goldberg