IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE LABBE, et al., | No. 2:20-CV-1975-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER |
| DOMETIC CORPORATION, | |
| Defendant. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action alleging products liability. The matter was removed from the Plumas County Superior Court under this Court's diversity jurisdiction. See ECF No. 1. Pending before the Court are Plaintiffs' motion to compel, ECF No. 41, and Defendant's motion for clarification and/or reconsideration of portions of the Court's prior discovery order, ECF No. 62. Also before the Court and addressed separately is Defendant's request to seal, ECF No. 52, and Plaintiffs' opposition thereto, ECF No. 53.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

///

permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

## I. BACKGROUND

### A. **Plaintiffs' Claims**

This action proceeds on Plaintiffs' first amended complaint. See ECF No. 40. Plaintiffs' factual allegations have been summarized in a prior order and will not be repeated here. Plaintiffs assert the following theories of liability:

| | | |
|---|---|---|
| Count I | Strict Products Liability Based on Design Defect. | |
| Count II | Strict Products Liability Based on Failure to Warn. | |
| Count III | Negligence Based on Design Defect. | |
| Count IV | Negligence Based on Failure to Warn. | |
| Count V | Negligence Per Se. | |
| Count VI | Negligence Based on Failure to Conduct Adequate Recall. | |
| Count VII | Fraud by Concealment. | |

See id. at ¶¶ 66-106.

### B. **Procedural History**

Following removal of this matter from the Plumas County Superior Court, Defendant filed a motion to dismiss as well as a motion to strike. See ECF Nos. 11 and 12. On March 22, 2022, the District Judge issued an order denying Defendant's motion to dismiss and granting Defendant's motion to strike in part. See ECF No. 38. Specifically, the District Judge concluded that the introduction section to the original complaint was needlessly sensationalistic. See id. at 9. The District Judge ordered paragraphs one and two, and the first sentence of paragraph three, be stricken. See id. at 10. Plaintiffs then filed a first amended complaint on April 22, 2022. See ECF No. 40. Defendant filed its answer on May 6, 2022. See ECF No. 42.

Following a hearing before the undersigned on July 20, 2022, on Plaintiffs' motion to compel, the matter was submitted. On July 29, 2022, the Court issued an order granting Plaintiff's motion in part, denying the motion in part, and deferring ruling in part subject to supplemental briefing by the parties. See ECF No. 55. Specifically, the Court ordered follows:

    a.    Defendant's Objection No. 9 is overruled.

    b.    Defendant's general objection to definitions is overruled

   without prejudice to such objections being raised in the context of specific discovery requests.

 c. Defendant's general objection to discovery requests seeking the identities of witnesses, particularly corporate directors, officers and shareholders, is sustained subject to Plaintiffs propounding more tailored requests and further meet-and-confer efforts.

 d. Defendant's general objection to discovery requests seeking information regarding similar incidents is sustained subject to further meet-and-confer efforts discussing more narrowly tailored requests as to time and description.

 e. Defendant's general objection regarding proportionality is overruled subject to further good faith meet-and-confer efforts relating to more narrowly tailored discovery requests.

 f. The Court defers ruling on Defendant's objections concerning Dr. Buc's testing materials subject to supplemental briefing.

 g. Plaintiffs' general objection regarding possession, custody, and control is overruled.

 h. Plaintiffs' general objection to reference to documents to respond to interrogatories is overruled subject to the parties' obligation to strictly comply with Federal Rule of Civil Procedure 33(d)(1) when referencing documents to answer an interrogatory.

 i. Defendant's general objection to the use of the word "all" in Plaintiff's various requests for production is overruled subject to further meet-and-confer efforts and additional tailoring of Plaintiff's discovery requests.

 j. Defendant's objection to the number of interrogatories already served is overruled as waived. Plaintiffs may not, however, propound any new interrogatories absent stipulation or leave of Court.

 k. Plaintiffs' motion to compel is granted as to Dometic's Rule 30(b)(6) witness.

 l. The Court defers ruling on Defendant's objections concerning NHTSA drafts subject to supplemental briefing on the related issue of Dr. Buc's testing materials, which were provided to the NHTSA.

See id. at 20-21.

  The July 29, 2022, order directed the parties to meet and confer on or before August 19, 2022, regarding the specific discovery at issue in light of the Court's general rulings, outlined above. See id. at 21. As to items (f) and (l), the Court directed the parties to submit

4

1 supplemental briefing. See id. Consistent with the briefing schedule established in the July 29, 2022, order, Plaintiffs filed their supplemental brief on August 3, 2022, see ECF No. 56, Defendant filed its supplemental brief on August 18, 2022, see ECF No. 65, and Plaintiffs filed a reply brief on August 24, 2022, see ECF No. 68.

On August 12, 2022, Defendant filed a motion for clarification and/or reconsideration of portions of the Court's July 29, 2022, order. See ECF No. 62. On August 17, 2022, Defendant filed a memorandum in support of its motion for reconsideration. See ECF No. 65. On August 26, 2022, Plaintiffs filed their opposition to Defendant's motion for reconsideration. See ECF No. 71. On September 15, 2022, the Court issued an order vacating the hearing set for September 21, 2022, on Defendant's motion for clarification and/or reconsideration and that matter was submitted for decision with Plaintiffs' related motion to compel and in light of supplemental briefing relating to items (f) and (l) outlined in the July 29, 2022, order.

On October 27, 2022, the Court issued an order approving the parties' stipulation for modification of the pre-trial schedule for this case. See ECF No. 81. Pursuant to that order, non-expert discovery shall be completed by October 27, 2023, expert discovery shall be completed by March 29, 2024, and dispositive motions shall be noticed to be heard by June 7, 2024. See id. Pre-trial conference and trial dates have not yet been set. See id.

## II. DISCUSSION

Originally at issue in Plaintiffs' motion to compel were Defendant's responses to 81 of Plaintiffs' interrogatories, set one, and requests for production, sets one, two, and three. Also originally at issue was Defendant's objection to Plaintiff's deposition notice for Defendant's Rule 30(b)(6) witness. In Volume 1 of the parties' joint statement, the parties assert arguments relating to 12 common issues. See ECF No. 49. These are:

    1.    Defendant's General Objection No. 9 to Interrogatories, Set One.

    2.    Defendant's Objections to Definition Nos. 19, 20, 21, 22, 23, 24, and 25

    3.    Discovery seeking identities of witnesses.

5

      4.      Discovery seeking information regarding other similar incidents.

      5.      Defendant's objections regarding the proportionality of Plaintiffs' discovery requests.

      6.      Discovery seeking Dr. Buc's testing material.

      7.      Defendant's objections regarding possession, custody, and control.

      8.      Defendant's references in response to interrogatories to documents previously produced interrogatories.

      9.      Plaintiffs' requests for "all" documents.

     10.     Excessive number of interrogatories.

     11.     Defendant's objections to notice of deposition of Rule 30(b)(6) witness.

     12.     Discovery seeking NHTSA draft reports.

See id.

In the July 29, 2022, order, the Court issued rulings on ten of these 12 common issues, resolving all disputes except as to two specific discovery requests – discovery seeking Dr. Buc's testing material (Plaintiffs' Request for Production No. 62), identified as item (f) in the order, and discovery seeking NHTSA draft reports (Plaintiffs' Request for Production No. 23), identified as item (l) in the order.  See ECF No. 55.  The Court directed and the parties have filed supplemental briefing on these two remaining categories of discovery in dispute.  See id.; see also ECF Nos. 56, 65, and 68.  The Court also addresses Defendant's motion for clarification and/or reconsideration, ECF No. 62, related to Dr. Buc's testing materials, and Plaintiffs' opposition thereto, ECF No. 71.

      **A.**      **Dr. Buc's Testing Material – Request for Production No. 62**

In the July 29, 2022, order, the Court stated as follows with respect to Dr. Buc's testing materials:

> Dr. Elizabeth Buc was hired by Dometic's counsel in 2005 to conduct tests on Dometic-branded gas absorption refrigerators. See ECF No. 49, pg. 37. Dr. Buc testified in the context of another action against Dometic alleging product defects that her testing had resulted in 21,000 pages of documents, reports, correspondence, photographs, and video. See id. Dr. Buc stated in her prior deposition that she boxed up all her materials, sent them to Dometic's general counsel, and did not keep a

copy. See id. Plaintiffs state that Dr. Buc's testing formed the basis of a 2006 recall of Dometic's gas absorption refrigerators. See id.

Plaintiffs seeks Dr. Buc's testing materials by way of Request for Production, Set Two, No. 62 (mislabeled in the amended volume 2 of the joint statement as No. 61). See ECF No. 51, pg. 209 (Joint Statement, Amended Vol. 2). Specifically, Plaintiffs requested "ALL BUC TESTING MATERIAL." See id. "BUC TESTING MATERIAL" is defined in as "all DOCUMENTS, COMMUNICATIONS, reports, spreadsheets, data, photographs, and or video regarding testing and/or analysis of DGARs by Dr. Elizabeth Buc, including, but not limited to, all material identified by Dr. Buc in her declaration filed as Doc. 51-5 in Bowman vs. Dometic Corporation (SD, Iowa), No. 4:15-cv-00089." ECF No. 49, pg. 37 n.33. Defendant objected on the ground that the request seeks documents protected by the attorney-client privilege. See ECF No. 51, pg. [2]09 (Joint Statement, Amended Vol. 2). It appears this "common issue" relates solely to Request for Production, Set Two, No. 62 – the only request for Dr. Buc's materials.

Plaintiffs contend that the attorney-client privilege applies only to communications and not underlying facts. See ECF No. 49, pg. 38. This argument is persuasive. See Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981); see also Philadelphia v. Westinghouse Electric Corp., 205 F. Supp. 830, 831 (E.D. Pa. 1962). Here, as Plaintiffs note, Plaintiffs are not seeking communications between Dometic's counsel and Dometic. Instead, Plaintiffs seek discovery of underlying facts compiled by Dr. Buc in the course of her testing. Further, any privilege was waived because Defendant did not provide a privilege log. See Burlington Northern Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. Of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005).

At the hearing, it became clear that the issue with respect to Dr. Buc's testing materials is not privilege but relevance. The Court directs the parties to submit supplemental briefing on the relevance of Dr. Buc's testing materials.

ECF No. 55, pgs. 13-14.

Two issues are before the Court regarding the Buc testing materials: (1) whether the Court's prior order should be clarified and/or reconsidered with respect to application of the work product privilege (the subject of the pending motion for clarification and/or reconsideration); and (2) whether the Buc testing materials are relevant (the subject of the parties' supplemental briefing).

Turning first to Defendant's motion for clarification and/or reconsideration of this portion of the July 29, 2022, order, Defendant asks the Court to clarify and/or reconsider the discussion regarding privileges. See ECF No. 62-1. Specifically, Defendant does not challenge the Court's prior ruling that the attorney-client privilege is inapplicable but argues that unaddressed work product privilege applies. See id. at 5-6. The Court notes that, while the July

1  29, 2022, order recites that Defendant only asserted the attorney-client privilege, Defendant also
2  asserted the work product privilege in its response to Request for Production No. 62 as well as the
3  joint statement. See ECF No. 51, pgs. 207-09. The Court hereby clarifies the prior order to
4  reflect that both privileges have been asserted and will now address the previously unaddressed
5  assertion of the work product privilege.
6        As discussed in the prior order, the Court finds that any privileges – including the
7  work product privilege – were waived by Defendant's failure to provide a privilege log. See
8  Burlington Northern Santa Fe Ry. Co., 408 F.3d at 1149. Therefore, despite any error in not
9  indicating that the work product privilege had been asserted, the Court's prior ruling stands in that
10 all privileges have been waived with respect to Request for Production No. 62.
11       Given the waiver of privileges, and as the Court stated in the July 29, 2022, order,
12 "the issue with respect to Dr. Buc's testing materials is not privilege but relevance." ECF No. 55,
13 pg. 14. The parties' supplemental briefing addresses relevance. See ECF Nos. 56, 67, and 68. In
14 their supplemental brief, Plaintiffs argue:

> Dometic asserts that it "openly disclosed to NHTSA and the public that it had conducted testing which revealed that there was a potential risk of fire in Plaintiffs' refrigerator and other refrigerators like it", and that discovery of the Buc Testing Material is therefore irrelevant, because "Plaintiffs do not need testing documents to establish a fact that is not in dispute". [footnote 3 omitted] This argument, once unpacked, confirms the relevancy and discoverability of the Buc Test[i]ng Material.
>     First, Dometic's insistence on using the term "potential risk of fire" does not equate to a disclosure of the existence of an *actual* safety-related defect present in over 1.6 million Dometic-branded gas absorption refrigerators. [footnote 4 omitted]. In fact, Dometic's semantic gymnastics raise a whole host of questions that render the Buc Testing Material relevant. Did Buc discover a safety-related defect in Dometic refrigerators or not? What was the nature of the defect, i.e. was it a design defect, a manufacturing defect? Was the defect common to all 1.6 million refrigerators covered by the recall, and what was the basis for this determination?
>     Second, Dometic's reliance on their publicly filed recall documents as full disclosure of the Buc Testing Material has already been contradicted by Dr. Buc herself. [footnote 5 omitted]. Indeed, according to Dometic, the recall filings were ultimately the work of their attorneys - not Buc or the purported author of the filings - Pat McConnell. As such, Dometic's reliance on their recall filings renders the Buc Testing Material relevant and discoverable, because it is only by examining this information that plaintiffs can sort out what part of the public filings is actually a recitation of Buc's testing, and what part is Dometic's attorney's spin on Buc's testing.

> Third, Dometic's assertion that they disclosed the defect *alleged by the plaintiffs* in their recall is simply untrue. In their 2006 Recall, Dometic identified the "potential" defect as the use of electric heaters with a higher wattage.6 In their 2008 Recall, Dometic identified the "potential" problem as an inconsistent weld process. Dometic never disclosed in their NHTSA filings what the root cause of boiler tube failure and leaks was, and certainly never disclosed that it was their use of the Single Weld Design that lay at the heart of the problem. [footnote 6 omitted].
>
> The existence and nature of defects in Dometic-branded gas absorption refrigerators of the same design as plaintiffs' refrigerator is a disputed factual issue in this case. The Buc Testing Material will tend to prove or disprove the existence and nature of the defects – as well as confirm or dispute plaintiffs' Single Weld design defect theory - and is therefore relevant and discoverable.

ECF No. 56, pgs. 3-5.

Plaintiffs also assert that the Buc testing materials are relevant to Defendant's notice and knowledge of risks associated with its refrigerators and, as a result, the materials are relevant to Plaintiffs' negligence and punitive damages claims. See id. at 5 and 6-7. As to Defendant's contention that they have no intention of using the Buc testing materials in this case, Plaintiffs argue that, despite this assurance, the Buc testing results were cited in public recalls and have permeated the testimony of Defendant's witnesses in other cases. See id. at 5-6.

With respect to the Buc testing materials (as well as the NHTSA drafts, discussed below), Defendant contends that the materials have no bearing on any issue in dispute. See ECF No. 67, pgs. 5-6. Defendant also contends that the materials are not relevant to Dometic's knowledge of a defect. See id. at 6-7. Defendant further argues that the Buc testing materials are not relevant to a "Safety Remedy" because the refrigerator in Plaintiffs' case involves no such feature and, as such, is dissimilar. See id. at 7-8. Finally, Defendant asserts that, contrary to Plaintiffs' assertion, Dometic is not attempting to use the Buc testing materials as both a shield and a sword. See id. at 8-9.

The Court is hard-pressed to see how the Buc testing materials are not relevant in this case. Specifically, Dr. Buc was hired by Dometic's counsel in 2005 to conduct testing to determine whether there were problems with gas absorptions refrigerators. Moreover, this testing appears to have resulted in a recall in 2006 of gas absorption refrigerators similar to the refrigerator at issue in this case. Whether the recall was due to potential or actual dangers posed

by Dometic's gas absorption refrigerators is immaterial. The Court agrees with Plaintiffs that the Buc testing materials will shed light on Plaintiffs' products liability and negligence claims in this case concerning the same or similar refrigerators. Plaintiffs' motion to compel further responses and production of documents in response to Request for Production No. 62 will be granted.

### B.    NHTSA Draft Reports – Request for Production No. 23

With respect to NHTSA draft reports, the Court stated as follows in the July 29, 2022, discovery order:

> Plaintiffs state that, in the context of the Papasan class action, Defendant produced a series of draft reports filed with the National Highway Transportation Safety Administration (NHTSA) in connection with a 2006 recall, as well as final public versions of the NHTSA reports. See ECF No. 49, pg. 74. When Plaintiffs' counsel (also counsel in the Papasan action) attempted to depose a witness regarding the drafts, Dometic's counsel "prevented any questioning on the drafts by claiming that they were 'inadvertently produced,' and constituted attorney-client work product material." Id. In this case, Plaintiffs specifically seek the drafts in Request for Production No. 23. See id. Defendant refused to produce the drafts. See id.
>
> This "common dispute" appears to relate only to Request for Production No. 23. No. 23 seeks:
>
>> All DOCUMENTS YOU submitted to NHTSA to initiate the 2006 RECALL and 2008 RECALL, including, but not by way of limitation, all chronologies of events, and all drafts of DOCUMENTS, including chronologies, submitted to NHTSA.
>
> ECF No. 51, pg. 104 (Joint Statement, Amended Vol. 2).
>
> In response to No. 23, Defendant objected on the ground that the drafts were protected by the attorney-client and work product privileges. See id. Defendant added: "Subject to and without waiving these objections, Dometic will produce all documents and correspondence evidencing communications between Dometic and NHTSA regarding Recall Nos. 06E076 and 0E032." Id. According to Plaintiffs, Defendants produced only the final reports and none of the drafts.
>
> Defendant contends the drafts are protected under the attorney-client privilege. See ECF No. 49, pgs. 77-78. This argument is persuasive because the drafts were prepared by an outside firm, Barnes & Thornburg, hired by Dometic for purposes of interaction with the NHTSA in connection with two recalls. See id. at 76; see also Helm v. Alderwoods Grp., Inc., 2010 WL 2951871, at *2 n.2 (N.D. Cal. 2010). Nonetheless, at the hearing it became evident that this issue is intertwined with the issue discussed above at Section F relating to Dr. Buc's testing materials, which were disclosed to the NHTSA. As indicated above, the Court will accept supplemental briefing on the relevance of these materials and will rule on both Issues F and L by separate order after supplemental brief have been filed.

ECF No. 55, pgs. 19-20.

In their supplemental brief, Plaintiffs argue that the draft NHTSA reports are <u>not</u> protected under the attorney-client privilege as the Court previously determined, and that the draft reports are relevant and should be disclosed. <u>See</u> ECF No. 56, pgs. 7-9.

The Court agrees with Plaintiffs' first argument and, consistent with the Court's ruling that privileges related to the Buc testing materials were waived by Defendants' failure to file a privilege log, the Court sua sponte reconsiders the July 29, 2022, order in this respect and now concludes that privileges related to Request for Production No. 23 have also been waived. <u>See</u> <u>Burlington Northern Santa Fe Ry. Co.</u>, 408 F.3d at 1149.

As with the Buc testing materials, the only issue is relevance. In their supplemental brief, Plaintiffs address relevance as follows:

> The NHTSA Drafts are relevant to the claims and defenses of the parties for many of the same reasons as the Buc Testing Material, cited above. For example, the NHTSA Drafts are relevant to establish notice/knowledge on the part of Dometic of dangerous safety-related defects in their refrigerators. The NHTSA Drafts are particularly relevant to a determination of whether Dometic provided false, misleading, inaccurate or incomplete information to NHTSA regarding the nature, extent and risks of defects in their products, and thereby violated the Safety Act which forms the basis of plaintiffs' Negligence Per Se cause of action. [footnote 17 omitted]. The NHTSA Drafts are crucial to a determination of this issue one way or the other, in that the only way to determine what Dometic knew at the time of the recalls – and what they concealed/failed to disclose - is to compare the drafts with the final document publicly filed with NHTSA.

ECF No. 56, pgs. 8-9.

Here, the Court does not agree with Plaintiffs. To the extent Plaintiffs seek information which formed the basis of the 2006 or other recalls, that information will be disclosed with the Buc testing materials ordered to be produced. Moreover, a draft report is just that – a draft. The best evidence in this case would be the final report issued by NHTSA, about which there does not appear to be any dispute. Plaintiffs' motion to compel will be denied as to Request for Production No. 23.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for clarification and/or reconsideration, ECF No. 62, is granted insofar as the Court clarifies that the work product privilege was asserted with respect to Request for Production No. 62 and denied in all other respects;

2. The Court sua sponte reconsiders the portion of the July 29, 2022, order relating to privileges applicable to Request for Production No. 23 and now concludes that any privileges have been waived;

3. Plaintiffs' motion to compel is granted with respect to Request for Production No. 62 and Defendant shall provide supplemental responses and produce responsive documents, without objection, within 30 days of the date of this order;

4. Plaintiffs' motion to compel is denied with request to Request for Production No. 23;

5. The Clerk of the Court is directed to terminate ECF Nos. 41 and 62 as pending motions.

Dated:  March 30, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE