1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LANE LABBE, et al.,                         No.  2:20-CV-1975-DAD-DMC

12              Plaintiffs,

13        v.                                      <u>ORDER</u>

14   DOMETIC CORPORATION,

15              Defendant.

16

17          Plaintiffs, who are proceeding with retained counsel, bring this civil action

18   alleging products liability.  The matter was removed from the Plumas County Superior Court

19   under this Court's diversity jurisdiction.  <u>See</u> ECF No. 1.  Pending before the Court is

20   Defendant's request to seal documents, ECF No. 52, and Plaintiffs' opposition thereto, ECF No.

21   53.

22          In its motion, Defendants requests an order pursuant to Eastern District of

23   California Local Rule 141 to seal the February 4, 2019, report of expert witness Sonya Kwon.

24   <u>See</u> ECF No. 52-1.  The Kwon report is attached as Exhibit 7 to the parties' joint statement in

25   support of discovery dispute.  <u>See</u> ECF No. 49-15.  According to Defendant:

26          Dometic seeks only to file under seal the Kwon Report, designated
            as Confidential under the Stipulated Protective Order, because it contains
27          confidential research, development, or commercial information pertaining
            to warranty claims data and analyses thereof. Public disclosure of such
28          information would result in competitive harm to Dometic. The Kwon

1

Report contains warranty and safety-related fire claims data obtained and maintained by Dometic on a proprietary basis and analysis of such data. If disclosed, the contents of the Kwon Report would not only expose Dometic's internal tracking information but also the methods Dometic utilizes to compile and assess such information. Further, the Kwon Report contains internally collected Dometic gas absorption refrigerator sales data that could result in a competitive disadvantage on the market. Therefore good cause exists for the Kwon Report to be filed under seal.

ECF No. 52-1, pg. 3.

In footnote 1, Defendant add:

Kwon Report has been filed under seal in two other actions arising from claims similar to those at issue here. *Varner et al. v. Dometic Corp.*, Case No. 0:16-cv-22482 (S.D. Fla.); *Papasan et al. v. Dometic Corp.*, Case No. 1:17-cv-22482 (S.D. Fla.).

ECF No. 52-1, pg. 3, n.1.

Defendant states that this document has been designated confidential under the protective order in effect in this case.  See id. at 3.  Defendants asks that the document remain sealed until such time as a party successfully challenges the confidentiality designation.  See id. at 4.

In opposition, Plaintiffs contend that the confidentiality designation attached to the Kwon report violates the protective order entered in this case.  See ECF No. 53.

Documents filed in support of a non-dispositive motion, such as the pending motion to compel in this case, may be sealed on a particularized showing of good cause.  See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  Consistent with the rulings in the Varner and Papasan cases, the Court finds that Defendant has made this showing.  Plaintiff argues here that the request to seal violates the protective order. However, such an argument is misplaced and more appropriately made in the context of the procedures set forth in the protective order for challenging a confidentiality designation by an opposing party.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendant's request to seal the Kwon report, ECF No. 52, is granted;

2.    The Clerk of the Court is directed to seal the document filed at ECF No. 49-15;

3.    The Kwon report shall remain under seal until such time as a successful challenge to the confidentiality designation for this document is made; and

4.    The Clerk of the Court is directed to terminate ECF No. 52 as a pending motion.

Dated:  March 30, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3