UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE LABBE', et al. | No. 2:20-cv-01975-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANT'S REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S MARCH 31, 2023 ORDER |
| DOMETIC CORPORATION, | |
| Defendant. | (Doc. No. 84) |

This matter is before the court on defendant Dometic Corporation's request for reconsideration of the assigned magistrate judge's March 31, 2023 order, in which it was concluded that defendant had waived the attorney-client and/or work product privileges it asserted in its responses and objections to certain of plaintiffs' requests for production by failing to provide a privilege log. (Doc. No. 82 at 8.) For the reasons set forth below, defendant's request for reconsideration will be granted.

**BACKGROUND**

Plaintiffs' requests for production ("RFP") Nos. 62 and 23 together sought "more than fourteen thousand documents," including "testing materials prepared by a third-party consultant at the direction of [defendant] Dometic's outside counsel" (the "Buc documents") and "draft versions of a recall chronology that Dometic provided to the National Highway and Traffic Safety Administration" (the "NHTSA drafts"). (Doc. No. 84 at 2.) In response to these discovery

1

1  requests, defendant objected to producing the Buc documents and the NHTSA drafts on the basis
2  of relevance and on the grounds that they were protected by the attorney-client and/or work
3  product privileges. (Doc. No. 51 at 104–07, 209–11.) On July 6 and 7, 2022, the parties
4  submitted a two-volume, 294-page joint discovery dispute statement (the "Joint Statement")
5  explaining their respective positions on, among things, both defendant's relevance and privilege
6  objections to producing the Buc documents and the NHTSA drafts (collectively, the "Assertedly
7  Privileged Documents"). (*See* Doc. Nos. 49, 51.) On the issue of privilege, plaintiffs argued that
8  defendant had waived its asserted privileges as to the Buc Testing Documents "by failing to file a
9  privilege log[.]" (Doc. No. 49 at 39.) In response, defendant argued that "Dometic had no
10  obligation to produce a privilege log because it asserts—first and foremost—that the Buc Testing
11  Documents are irrelevant." (*Id.* at 51.) Defendant also cited cases supporting the proposition that
12  "[w]hen a party asserts both relevance and privilege objections, no privilege log is required."
13  (*Id.*) (citing *Schuman v. Microchip Tech. Inc.*, No. 16-cv-05544-HSG-EDL, 2019 WL 8333737,
14  at *2 (N.D. Cal. Jan. 8, 2019); *Maria Del Socorro Quintero Perez, CY v. United States*, No. 13-
15  cv-1417-WQH-BGS, 2016 WL 362508, at *1 (S.D. Cal. Jan. 29, 2016)).
16      On July 20, 2022, the assigned magistrate judge held an in-person hearing on the joint
17  discovery dispute. (Doc. No. 54.) On July 29, 2022, the magistrate judge issued an order
18  addressing plaintiffs' motion to compel production, stating first that the Buc documents being
19  sought by plaintiff related only to "underlying facts compiled by Dr. Buc in the course of her
20  testing" and that the attorney-client privilege therefore did not apply. (Doc. No. 55 at 14.) The
21  order went on to state that, in any event, "any privilege was waived because [Dometic] did not
22  provide a privilege log with its responses and objections." (*Id.*) (citing *Burlington N. Santa Fe*
23  *Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).
24  However, that order also stated that "[a]t the hearing, it became clear that the issue with respect to
25  /////
26  /////
27  /////
28  /////

Dr. Buc's testing materials is not privilege but relevance." (*Id.*)[1] Moreover, the order did not in any way address defendant's assertion that the work product doctrine protected the Buc documents from disclosure. Lastly, rather than rule on defendant's relevance objection in that order, the magistrate judge "defer[red] ruling on defendant's objections concerning Dr. Buc's testing materials" and directed the parties to submit supplemental briefing addressing that issue. (*Id.* at 20-21.)

Consistent with the briefing schedule established in the July 29, 2022 order, plaintiffs filed their supplemental brief on August 3, 2022, defendant filed its supplemental brief on August 18, 2022, and plaintiffs filed a reply brief on August 24, 2022.[2] (Doc. Nos. 56, 67, 68.) In defendant's supplemental brief, it again argued that "[a] privilege log is not required where a party asserts both relevance and privilege objections." (Doc. No. 67 at 12) (citing *Schuman*, 2019 WL 8333737, at *2).

On August 12, 2022, defendant filed a motion for clarification and/or reconsideration by the magistrate judge of the July 29, 2022 order. (Doc. No. 62.) Therein, defendant noted that the July 29, 2022 order "did not address or resolve Dometic's long-standing assertion that the Buc Testing Materials are protected by the work product doctrine." (Doc. No. 62-1 at 7.) Defendant further noted that the July 29, 2022 order "never addressed the import of Dometic's relevance objections and whether those objections vitiated the need for any privilege log on the Buc Testing

---

[1] Finally, the undersigned notes that in addressing the motion to compel production of the Buc documents, the order clause of the July 29, 2022 order stated only: "The Court defers ruling on Defendant's objections concerning Dr. Buc's testing materials subject to supplemental briefing." (Doc. No. 55 at 20.) In this regard, there was no indication of a ruling on any assertion of privilege by defendant in the order clause.

[2] In their supplemental reply brief, plaintiffs acknowledge that defendant had by then produced a privilege log that included both the NHTSA drafts and Buc documents. (Doc. No. 68 at 6.) According to plaintiffs' opposition to the pending request for reconsideration, defendant served its privilege log on August 5, 2022. (Doc. No. 89 at 6 n.4.) The undersigned notes that this was 30 days from the filing date of the parties' joint statement re discovery disagreement. (*See* Doc. Nos. 49, 50.) In its pending request for reconsideration, defendant states that it served a privilege log out of "an abundance of caution following the July 29, 2022 Order[.]" (Doc. No. 84 at 10 n.7.) The magistrate judge's March 31, 2023 order neither acknowledged that defendant had produced a privilege log nor addressed the sufficiency of the privilege log produced by defendant on August 5, 2022.

Materials." (*Id.* at 14.) Defendant once again emphasized its contention that "[a] privilege log is not required where a party asserts both relevance and privilege objections." (*Id.*) (citing *Schuman*, 2019 WL 8333737, at *2).

On March 31, 2023, the magistrate judge issued an order ruling on defendant's relevance objections as to the Assertedly Privileged Documents—objections that had been pending before the court since the parties' submission of their joint discovery dispute in early July 2022. (Doc. No. 82.) The magistrate judge determined that the Buc documents were relevant but that the NHTSA drafts were not. (*Id.* at 9–11.) The magistrate judge's March 31, 2023 order also addressed defendant's motion for clarification and acknowledged that the July 29, 2022 order "recites that Defendant only asserted the attorney-client privilege," even though defendant "also asserted the work product privilege" in both its objections and the Joint Statement. (*Id.* at 8.) Nevertheless, the magistrate judge determined that "despite any error in not indicating that the work product privilege had been asserted, the [July 29, 2022 order] stands in that <u>all</u> privileges have been waived with respect to" both the Buc documents and the NHTSA drafts due to defendant's failure to provide a privilege log with its responses and objections to plaintiffs' discovery requests. (*Id.* at 8, 11.)[3] Based on this determination, the magistrate judge granted plaintiffs' motion to compel production of the Buc documents and ordered defendant to "provide supplemental responses and produce responsive documents, without objection, within 30 days of this order[.]" (*Id.* at 12.) However, the magistrate judge denied plaintiffs' motion to compel the NHTSA drafts, having found that they were not relevant. (*Id.*)

On April 6, 2023, defendant filed the pending request for reconsideration of the magistrate judge's order dated March 31, 2023 pursuant to Local Rule 303(c) and Rule 72(a) of the Federal

/////

/////

/////

---

[3] In the undersigned's view, this was not made clear by the terms of the July 29, 2022 order. Rather, the scope of the discovery order was not clearly stated until the issuance of the March 31, 2023 order.

Rules of Civil Procedure. (Doc. No. 84.)[4] On April 13, 2023, plaintiffs filed their opposition to defendant's pending request for reconsideration. (Doc. No. 89.) On April 20, 2023, defendant filed a reply thereto. (Doc. No. 90.) In light of defendant's pending request for reconsideration, on April 10, 2023, the court granted defendant's *ex parte* application (Doc. No. 86) to stay the deadline for production set forth in the magistrate judge's March 31, 2023 order, until the court rules on defendant's pending request for reconsideration. (Doc. No. 88.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal

---

[4] The court rejects plaintiffs' argument that defendant's request for reconsideration was not timely under Local Rule 303. (Doc. No. 89 at 3.) Defendant filed its request for reconsideration on April 6, 2023, just six days after the magistrate judge's March 31, 2023 order. This is well within the fourteen days allowed by the Local Rules. *See* L.R. 303(b).

quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

## DISCUSSION

Here, defendant requests reconsideration of the magistrate judge's March 31, 2023 order on the ground that the magistrate judge's conclusion that defendant had waived its asserted privileges due to its failure to provide a privilege log is clearly erroneous and contrary to law. (Doc. No. 84 at 8.) Defendant argues that in resolving his motion for clarification and reconsideration, the magistrate judge ignored "the plethora of authority—including the plain text of Rule 26—providing that a privilege log is not required when a party asserts that the materials are not 'otherwise discoverable' . . . because they are irrelevant[.]" (*Id.* at 6.) Specifically, defendant points out that his relevance objection to producing the Buc documents was still outstanding and was not ruled upon until the March 31, 2023 order, and thus, before that date, defendant was under no obligation to produce a privilege log. (*Id.*)[5]

Rule 26(b)(5) of the Federal Rules of Civil Procedure requires the responding party to note its privilege objection and to describe the document only when the document is "otherwise discoverable." Fed. R. Civ. P. 26(b)(5). In federal cases, the scope of discovery is limited to "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1) (emphasis added). In other words, relevance is a threshold for discoverability because irrelevant information is not discoverable. Numerous district courts in the Ninth Circuit have held that a producing party need not produce a privilege log until the court resolves its non-privilege objections (e.g., relevance objections). *See Miniter v. City of Los Angeles*, No. 10-cv-05826-MMM-AGR, 2011 WL 13134766, at *4 n.4 (C.D. Cal. Apr. 19, 2011) ("A party need not produce a privilege log before the court resolves the overbreadth and burden objections."); *Khan v. Boohoo.com USA, Inc.*, No. 20-cv-03332-GWJ-EM, 2021 WL 3882970, at *3 (C.D. Cal. July 19, 2021) (finding that a party's request for a

---

[5] The court notes that the March 31, 2023 order did not address defendant's assertion that "[a] privilege log is not required where a party asserts both relevance and privilege objections"—an assertion that defendant first raised in its briefing on the joint discovery dispute (Doc. No. 49 at 51) and that defendant repeated in its motion for reconsideration. (Doc. No. 62-1 at 14.)

privilege log was "premature" because there were unresolved objections based on overbreadth, relevance, undue burden, and privacy, and noting that "[a] party need not produce a privilege log before the court resolves such objections"); *Safety Dynamics, Inc. v. Gen. Star Indem. Co.*, No. 09-cv-00695-CKJ-DTF, 2013 WL 11299209, at *2 (D. Ariz. Aug. 8, 2013) ("The Court finds this matter is not ripe for adjudication.  Unless General Star's non-privilege-based objections are unfounded and Safety Dynamics successfully challenges them, the Court finds that Defendant is not obligated to create a privilege log and there is no waiver.").

As defendant argues, because it had raised a relevance objection to plaintiffs' request for production which, if sustained, would have rendered the Buc documents not otherwise discoverable, a privilege log was not required under the plain text of Rule 26.  (Doc. No. 84 at 2.)[6]  Thus, defendant had no obligation to provide a privilege log concerning the Buc documents until the magistrate judge's March 31, 2023 order overruled defendant's relevance objection.  At that point, defendant, had it not already produced a privilege log as it had done, must have been given the opportunity to do so.  *See United States v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) ("[A]s the 1993 Advisory Committee Notes to Rule 26(b)(5) explain, . . . if a broad discovery request includes an allegedly privileged document, and if there is an objection to the scope of the request, the court should first decide whether the objection covers the document.  If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5)."); *see also Tumbling v. Merced Irrigation Dist.*, 262 F.R.D. 509, 518 (E.D. Cal. 2009) (allowing a party to update its privilege log after the court ruled on its objection, citing *Philip Morris*).  However, as noted above, defendant had already served its privilege log on August 5, 2022 (Doc. No. 89 at 6 n.4) out of "an abundance of caution following the July 29, 2022 Order[.]" (Doc. No. 84 at 10 n.7.)  Indeed, on August 24, 2022, plaintiffs acknowledged in their supplemental reply brief that defendant had produced a privilege log listing the Buc

---

[6] As defendant argues (Doc. No. 84 at 10), the fact that the magistrate judge ordered the parties to submit supplemental briefing addressing the relevance of the Buc documents suggests that its relevance objections were not wholly unreasonable or unjustified.

7

documents. (Doc. No. 68 at 6.) Despite the fact that defendant had provided a privilege log in August 2022, the March 31, 2023 order did not credit that privilege log or address whether its production satisfied defendant's obligations under Rule 26. Rather, the March 31, 2023 order erroneously concluded that defendant had waived its asserted privileges by failing to produce a privilege log with its responses and objections to plaintiffs' requests for production of documents, long before the court had even ruled on defendant's relevance objection.[7]

Accordingly, to the extent the magistrate judge concluded that defendant's asserted privileges had been waived with respect to the Buc documents, the undersigned concludes that the order was contrary to law.[8] The undersigned will therefore grant defendant's request for reconsideration of the magistrate judge's March 31, 2023 order.

## CONCLUSION

For the reasons set forth above,

1. Defendant's request for reconsideration (Doc. No. 84) of the March 31, 2023 order (Doc. No. 82) is granted;

2. The deadline set in the March 31, 2023 order for defendant to "provide supplemental responses and produce responsive documents" with respect to RFP No. 62 (Doc. No. 82 at 12), which this court had stayed (Doc. No. 88), is now vacated;

3. Because defendant already produced a privilege log pertaining to the Buc documents on August 5, 2022, the court will not order defendant to do so again. However, if the privilege log requires updating, defendant shall do so within seven

---

[7] The undersigned notes that in support of the conclusion that both the attorney-client and work product privileges had been waived due to defendant's failure to provide a privilege log, the March 31, 2023 order cited only the decision in *Burlington*, 408 F.3d at 1149. (Doc. No. 82 at 8, 12.) Of course, defendant had produced a privilege log nearly eight months before that order issued. Moreover, in *Burlington*, the Ninth Circuit stated: "we also reject a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." 408 F.3d at 1149. Instead, district courts are to make a case-by-case determination based upon consideration of a number of delineated factors. *Id.*

[8] Because the court reaches this conclusion, it need not address the other arguments presented by defendant in its request for reconsideration.

days from the date of entry of this order; and

4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order, specifically for the magistrate judge to address defendant's assertions of both the attorney-client and attorney work product privileges on the merits and not based on waiver.

IT IS SO ORDERED.

Dated:   **June 13, 2023**              /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE