IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE LABBE, et al., | No. 2:20-CV-1975-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER |
| DOMETIC CORPORATION, | |
| Defendant. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action alleging products liability. The matter was removed from Plumas County Superior Court under this Courts diversity jurisdiction. See ECF No. 1.

The case has been referred to the undersigned by the District Judge for further evaluation of specific objections relating to privileges raised in a prior discovery motion and on reconsideration. See ECF No. 91. Specifically, the undersigned has been directed to address the merits of Defendant's assertions of the attorney-client and work product privileges. See id.

For the reasons discussed below, and upon referral for further consideration on the merits of Defendant's objections, the Court finds that Defendant's objections should be sustained. Because the discovery at issue (Dr. Buc's testing materials) was fact-finding by counsel communicated as part of legal advice, and because it was made in anticipation of litigation, it is protected by the attorney-client privilege and work product doctrines.

# I. BACKGROUND

### A. Plaintiffs' Claims

This action proceeds on Plaintiffs' first amended complaint. See ECF No. 40. Plaintiffs' factual allegations have been summarized in prior orders and will not be repeated here. Plaintiffs assert the following theories of liability:

| | |
|---|---|
| Count I | Strict Products Liability Based on Design Defect. |
| Count II | Strict Products Liability Based on Failure to Warn. |
| Count III | Negligence Based on Design Defect. |
| Count IV | Negligence Based on Failure to Warn. |
| Count V | Negligence Per Se. |
| Count VI | Negligence Based on Failure to Conduct Adequate Recall. |
| Count VII | Fraud by Concealment. |

See id. at ¶¶ 66-106.

### B. Procedural History

Following a hearing before the undersigned on July 20, 2022, on Plaintiffs' motion to compel, the matter was submitted. On July 29, 2022, the Court issued an order granting Plaintiffs' motion in part, denying the motion in part, and deferring ruling in part subject to supplemental briefing by the parties. See ECF No. 55. Specifically, the Court ordered follows:

    a.    Defendant's Objection No. 9 is overruled.

    b.    Defendant's general objection to definitions is overruled without prejudice to such objections being raised in the context of specific discovery requests.

    c.    Defendant's general objection to discovery requests seeking the identities of witnesses, particularly corporate directors, officers, and shareholders is sustained subject to Plaintiffs propounding more tailored requests and further meet-and-confer efforts.

    d.    Defendant's general objection to discovery requests seeking information regarding similar incidents is sustained subject to further meet-and-confer efforts discussing more narrowly tailored requests as to time and description.

    e.    Defendant's general objection regarding proportionality is overruled subject to further good faith meet-and-confer efforts relating to more narrowly tailored discovery requests.

      f.     The Court defers ruling on Defendant's objections concerning Dr. Buc's testing materials subject to supplemental briefing.

      g.     Plaintiffs' general objection regarding possession, custody, and control is overruled.

      h.     Plaintiffs' general objection regarding possession, custody, and control is overruled. Plaintiffs' general objection to reference to documents to respond to interrogatories is overruled subject to the parties' obligation to strictly comply with Federal Rule of Civil Procedure 33(d)(1) when referencing documents to answer an interrogatory.

      i.     Defendant's general objection to the use of the word "all" in Plaintiff's various requests for production is overruled subject to further meet-and-confer efforts and additional tailoring of Plaintiff's discovery requests.

      j.     Defendant's objection to the number of interrogatories already served is overruled as waived. Plaintiffs may not, however, propound any new interrogatories absent stipulation or leave of Court.

      k.     Plaintiffs' motion to compel is granted as to Dometic's Rule 30(b)(6) witness.

      l.     The Court defers ruling on Defendant's objections concerning National Highway Traffic Association (NHTSA) drafts subject to supplemental briefing on the related issue of Dr. Buc's testing materials, which were provided to the NHTSA.

See id. at 20-21.

The July 29, 2022, order directed the parties to meet and confer on or before August 19, 2022, regarding the specific discovery at issue in light of the Court's general rulings, outlined above. See id. at 21. As to items (f) and (l), the Court directed the parties to submit supplemental briefing. See id. Consistent with the briefing schedule established in the July 29, 2022, order, Plaintiffs filed their supplemental brief on August 3, 2022, see ECF No. 56, Defendant filed its supplemental brief on August 18, 2022, see ECF No. 65, and Plaintiffs filed a reply brief on August 24, 2022, see ECF No. 68.

On August 12, 2022, Defendant filed a motion for clarification and/or reconsideration of portions of the Court's July 29, 2022, order. See ECF No. 62. On August 17, 2022, Defendant filed a memorandum in support of its motion for reconsideration. See ECF No. 65. On August 26, 2022, Plaintiffs filed their opposition to Defendant's motion for reconsideration. See ECF No. 71. On September 15, 2022, the Court issued an order vacating the hearing set for September 21, 2022, on

3

Defendant's motion for clarification and/or reconsideration and that matter was submitted for decision with Plaintiffs' related motion to compel and in light of supplemental briefing relating to items (f) and (l) outlined in the July 29, 2022, order. See ECF No. 72.

On March 31, 2023, the undersigned issued an order addressing the pending motions. See ECF No. 82. The undersigned also ordered certain documents relating to the pending discovery motions to be filed under seal. See ECF No. 83. Relevant here, the undersigned ordered that Defendant's objections based on the attorney-client and work product privileges had been waived by failure to submit a privilege log. See ECF No. 82. The undersigned set a deadline for Defendant to produce discovery responses. See id.

Thereafter, Defendant sought reconsideration of the undersigned's March 31, 2023, order by the District Judge. See ECF No. 84. On June 14, following briefing and submission without oral argument, the District Judge issued an order resolving Defendant's motion for reconsideration. See ECF No. 91. The District Judge vacated the deadline set for Defendant to produce discovery responses pursuant to the March 31, 2023, order, and referred the matter back to the undersigned for further consideration of the merits of Defendant's privileges objections. See id.

## II. DISCUSSION

At issue is the applicability of the attorney-client and work product privileges to the Buc testing materials and NHTSA drafts as requested in Plaintiffs' Request for Production Nos. 23 and 62. The District Judge has directed the undersigned to consider the merits of Defendant's objections to Request for Production Nos. 23 and 62 based on these privileges, which the Court does below.

The attorney-client privilege protects confidential communications between attorneys and clients that are made for the purpose of giving legal advice. See United States v. Sanmina Corp., 968 F.3d 1107, 1116 (9th Cir. 2020). "The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice." United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011). The privilege also extends to communications with third parties acting as the agent of the client. See United States v. Landof,

4

591 F.2d 36, 39 (9th Cir. 1978).  Underlying facts in a communication are not covered by the attorney-client privilege.  See Upjohn Co. v. United States, 449 U.S. 383, 396 (1981).  "The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."  Id. (quoting Philadelphia v. Westinghouse Electric Corp., 205 F. Supp. 830, 831 (E.D. Pa. 1962).

The work product doctrine protects documents when it can be fairly said that the documents were created because of anticipated litigation, and it would not have been created in substantially similar form but for the prospect of litigation.  See In re Grand Jury, 23 F.4th 1088, 1092 (9th Cir. 2021).  The primary concern is to "preserve a zone of privacy in which a layer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries."  Id. at 1093 (quoting United States v. Adlman, 134 F.3d 1194, 1197 (2d Cir. 1998)).  The work product doctrine shields mental impressions, conclusions, opinions, and legal theories.  See Am. C.L. Union of N. California v. United States Dep't of Just., 880 F.3d 473, 483 (9th Cir. 2018) (citing Fed. R. Civ. P. 26(b)(3)).  Ultimately, the purpose of the privilege is "to encourage effective legal representation *within the framework of the adversary system* by removing counsel's fears that his thoughts and information will be invaded by his adversary."  Id. at 486 (quoting Jordan v. U.S. Dep't of Just., 591 F.2d 753, 775 (D.C. Cir. 1978)).

### A.  **Buc Testing Materials – Request for Production No. 62**

Elizabeth Buc was hired by Dometic's counsel in 2005 to conduct tests on Dometic-branded gas absorption refrigerators.  See ECF No. 49, pg. 37.  The testing focused on whether Dometic gas absorption refrigerators contained dangerous safety-related defects.  Id. at 37-38.  Dr. Buc testified in the context of another action against Dometic alleging product defects that her testing had resulted in 21,000 pages of documents, reports, correspondence, photographs, and video.  See id. at 37.  Dr. Buc stated in her prior deposition that she boxed up all her materials, sent them to Dometic's general counsel, and did not keep a copy.  See id.  Plaintiffs state that Dr. Buc's testing formed the basis of a 2006 recall of Dometic's gas absorption refrigerators.  See id.

Dr. Buc was acting as an agent, so Dr. Buc's testing is protected if it was a communication for the purpose of giving legal advice. See United States v. Sanmina Corp., 968 F.3d 1107, 1116 (9th Cir. 2020). Underlying facts of a communication are not protected by the privilege. Upjohn Co. v. United States, 449 U.S. 383, 396 (1981). But Upjohn upholds that fact-finding which pertains to legal advice is protected. Id. at 390-91; United States v. Rowe, 96 F.3d 1294, 1297 (9th Cir. 1996). Dometic's counsel Barnes & Thornburg LLP hired and directed Dr. Buc to perform the testing. ECF No. 49 at 46. Dr. Buc's testing was designed to discover facts that would inform Barnes & Thornburg LLP on what legal advice to give to their client. Id. The testing was fact-finding pertaining to legal advice and so is protected by attorney-client privilege. See Rowe, 96 F.3d at 1297.

Dr. Buc's testing is also protected under the work product doctrine if it can be fairly said that the document was created because of anticipated litigation. In re Grand Jury, 23 F.4th 1088, 1092 (9th Cir. 2021). Even if there was a dual purpose for the testing, the testing is protected as long as it was performed in anticipation of litigation. See In re Grand Jury Subpoena (Mark Torf), 357 F.3d 900, 910 (9th Cir. 2004) ("[D]ocuments are entitled to work product protection [when], taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole."). Tellingly, Dometic's counsel hired Dr. Buc and oversaw the testing. See ECF No. 49 pg. 46. Dometic's testing was spurred by its desire to understand its potential liability, and so it falls within information that should be protected from its adversary. See Am. C.L. Union of N. California, 880 F.3d at 486. Even if the testing served as the basis for a recall, the "litigation purpose" of the testing is practically indistinguishable from its "non-litigation purpose," and so the testing maintains its protection. See In re Grand Jury Subpoena (Mark Torf), 357 F.3d at 910.

Based on the foregoing, the Court concludes that the attorney-client and work product privileges apply to the Buc testing materials, that Defendant's objections based on these privileges are sustained, and that Plaintiffs' motion to compel further response to Request for Production No. 62 is denied. The Court's prior order will be modified accordingly.

**B.      NHTSA Draft Reports – Request for Production No. 23**

Defendant produced in discovery its final report made to NHTSA regarding a chronology of events for its product recall. ECF No. 49, pg. 74. Plaintiff seeks the drafts of this report. Id.

Dometic's counsel worked closely with Dometic on the drafts to NHTSA. Id. at 77. The expectation was that the communications would be kept confidential with the understanding they were subject to attorney-client privilege. Id. Dometic consulted with counsel to ensure compliance with relevant federal regulations. ECF No. 49-24 pg. 3. As such, the drafts are communications for the purpose of complying with the law, and so are communications for the purpose of giving legal advice and are protected by attorney-client privilege. United States v. Sanmina Corp., 968 F.3d 1107, 1116 (9th Cir. 2020).

The crime-fraud exception omits from privilege any communication made for the purpose of getting legal advice about the commission of a fraud or crime. United States v. Zolin, 491 U.S. 554, 563 (1989). The party asserting the exception must show more than a "sneaking suspicion" that the opposing party consulted attorney services in furtherance of an ongoing unlawful scheme. In re Grand Jury Proc., 87 F.3d 377, 381 (9th Cir. 1996). The exception requires a showing that there is "reasonable cause to believe" the opposing party was engaged in or planning a criminal or fraudulent scheme when it sought the advice. Id.

Here, Plaintiffs allege that Defendant concealed material facts and made materially false statements to NHTSA about the existence and scope of defects in Dometic-branded refrigerators. ECF No. 49 at 43. Plaintiffs argue this constituted a false statement in violation of 18 U.S. Code § 1001 and 49 U.S.C. § 30170. Id. Even if Defendant made false statements, there is no supporting evidence showing that Defendant consulted with counsel for the purpose of creating a false statement. See id. Defendant seemed to merely be seeking counsel to understand the extent of its product defects and potential liability and ensure compliance with federal law. See id. Plaintiffs do not show "reasonable cause to believe" that Defendant engaged counsel for the purpose of getting legal advice about the commission of a fraud or crime, and so the crime-fraud exception does not apply to defeat the attorney-client privilege. See Zolin, 491 U.S. 554 at 563.

The drafts sought, however, do not serve Defendant's in litigation and are distinguishable from Dr. Buc's testing with respect to the work product doctrine. While the testing shed light on the product defects, the drafts have no apparent purpose in preparing for litigation. Defendant admits it "has no intention of relying on the NHTSA Drafts as a part of its defense, and it has never disclosed these documents to its experts in this or any other case." ECF No. 49, pg. 77. Because the documents were not created in anticipation of litigation, they are not protected by the work product doctrine. See In re Grand Jury Subpoena (Mark Torf), 357 F.3d at 910.

Based on the foregoing, the Court concludes that the attorney-client applies to the NHTSA draft reports, that Defendant's objection based on this privilege is sustained, and that Plaintiffs' motion to compel further response to Request for Production No. 23 is denied. The Court's prior order will be modified accordingly.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's objections to Request for Production No. 62 based on the attorney-client and work product privileges are SUSTAINED.

2. The Court's prior discovery order is modified to reflect that Plaintiffs' motion to compel is DENIED as to Request for Production No. 62.

3. Defendant's objection to Request for Production No. 23 based on the attorney-client privilege is SUSTAINED.

4. Defendant's objection to Request for Production No. 23 based on the work product privilege is OVERRULED.

5. The Court's prior discovery order is modified to reflect that Plaintiffs' motion to compel is DENIED as to Request for Production No. 23.

Dated: September 1, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE