UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE LABBE', et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>Defendant. | No. 2:20-cv-01975-DAD-DMC<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO SEAL<br><br>(Doc. No. 93) |

On September 11, 2023, defendant Dometic Corporation ("Dometic") filed a notice of its request to seal an exhibit pursuant to Local Rule 141. (Doc. No. 93.) In its notice, defendant describes the exhibit it seeks to seal as "an internal company communication containing confidential information related to internal testing of Dometic's products." (*Id.* at 2.) Consistent with Local Rule 141(b), defendant separately provided the court via e-mail with its request to seal and a copy of the exhibit in question (the "Document"). (Req. at 11–16). For the reasons explained below, defendant's request to seal the Document will be granted.

**BACKGROUND**

In this lawsuit, the parties have stipulated to a protective order that governs the confidentiality of certain information and documents produced during discovery. (Doc. No. 35.) The parties' stipulated protective order provides that "[w]ithout written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a

1

1    Party may not file in the public record in this action any Protected Material" (*id.* at 14), which is

2    defined as "any Disclosure or Discovery Material that is designated as 'CONFIDENTIAL'" (*id.*

3    at 3). Defendant designated the Document as "CONFIDENTIAL" under the parties' stipulated

4    protective order. (Req. at 11–16.) The Document is a six-page email string dating back to

5    November 2006 discussing certain testing conducted by Dr. Buc, and it involves communications

6    between Patrick McConnell—defendant's director of engineering, product safety, and

7    standards—and individuals employed by defendant's affiliate. (*Id.*)

8    Defendant's request to seal was prompted by plaintiffs providing notice to defendant that

9    they intend to attach the Document as an exhibit to their forthcoming motion for clarification

10   and/or reconsideration of the assigned magistrate judge's discovery order dated September 1,

11   2023 (Doc. No. 92). (Doc. No. 93 at 1.) On September 15, 2023, plaintiffs filed an opposition to

12   defendant's request to seal, asking the court to order defendant to remove the confidentiality

13   designation on the Document. (Doc. No. 96 at 6.) On September 29, 2023, the court issued a

14   minute order directing defendant to either file a reply to plaintiffs' opposition or to file a notice

15   withdrawing its request to seal. (Doc. No. 97.) On the same day, defendant filed a notice of

16   supplemental authority in support of its request to seal. (Doc. No. 98.) Defendant also filed a

17   reply to plaintiffs' opposition to the pending request that same day. (Doc. No. 99.)

## LEGAL STANDARD

19   All documents filed with the court are presumptively public. *San Jose Mercury News,*

20   *Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

21   of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

22   "Historically, courts have recognized a 'general right to inspect and copy public records and

23   documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*,

24   447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

25   597 & n.7 (1978)).

26   Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors*

27   *Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standards used are based on the type of motion to

28   which the documents to be sealed are attached:

2

> [W]e treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1136 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citations and internal quotation marks omitted).

## ANALYSIS

As an initial matter, the parties dispute which standard applies to defendant's request to seal the Document. Plaintiffs contend that the "compelling reasons" standard should apply because the court previously ruled that the Buc testing materials are relevant to this case. (Doc. No. 96 at 2 n.1) (citing Doc. No. 82 at 9–10.) In contrast, defendant argues that the "good cause" standard is appropriate because plaintiffs intend to attach the Document to their forthcoming motion for reconsideration and/or clarification of the September 1, 2023 discovery order denying plaintiffs' motion to compel production of the Buc Testing Materials and the NHTSA Draft—a discovery motion that is unrelated to the merits of this case. (Req. at 4) (citing *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) ("[P]laintiffs' motion to compel discovery is only tangentially related to the merits and the good cause standard applies.")).

This court agrees with defendant that the good cause standard applies, consistent with the decisions of the Ninth Circuit and numerous district courts in this Circuit which have concluded that the good cause standard applies to discovery-related motions. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (stating that the good cause standard is appropriately applied in the context of considering "sealed materials attached to a discovery motion unrelated to the merits of a case"); *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a

1  nondispositive motion, the usual presumption of the public's right of access is rebutted");
2  *Kamakana*, 447 F.3d at 1179 (noting the good cause exception applies to a "sealed discovery
3  document [attached] to a non-dispositive motion") (citation omitted); *see also Verinata Health,*
4  *Inc. v. Sequenom, Inc.*, No. 12-cv-00865-SI, 2014 WL 12789020, at *1 (N.D. Cal. Aug. 8, 2014)
5  ("Because CUHK's motion for reconsideration of the Court's June 10, 2014 discovery order is a
6  non-dispositive motion, the 'good cause' standard applies."); *Orthopaedic Hosp. v. Encore Med.,*
7  *L.P.*, No. 3:19-cv-00970-JLS-AHG, 2021 WL 1966123, at *1 (S.D. Cal. Apr. 29, 2021)
8  ("Because the underlying motion relates to a nondispositive dispute regarding discovery
9  documents, the Court applies the 'good cause' standard."). Accordingly, if defendant can make a
10 "particularized showing" that "specific prejudice or harm will result" from the disclosure of the
11 Document, the document will appropriately be the subject of sealing. *Phillips*, 307 F.3d at 1210–
12 11.
13      In the pending request, defendant asserts that the Document contains proprietary
14 information relating to the product testing performed by Dr. Buc. (Req. at 2.) Defendant
15 supports this assertion by citing to the declaration of its director of engineering, product safety,
16 and standards, Patrick McConnell, which defendant attached to its request. (*Id.* at 18–21).
17 According to McConnell's declaration, "Dometic invested substantial time, money and effort into
18 developing the protocol for the aforementioned testing and conducting the testing with the
19 assistance of Dr. Buc." (*Id.* at 19.) McConnell further asserts that the "testing cannot be readily
20 duplicated by Dometic's competitors," and that "public production" of the testing details would
21 "force Dometic to disclose to its competitors the results of its proprietary investigation and effort
22 and could provide the foundation for [its] competitors to duplicate the testing," thereby allowing
23 its competitors to "reap the underserved [sic] benefit of Dometic's time, effort, and insight
24 derived from its work with Dr. Buc." (*Id.*)
25      In their opposition to the pending request, plaintiffs argue that defendant has failed to
26 provide details about the competitor's identity or explain how disclosing the Document would
27 benefit a competitor. (Doc. No. 96 at 3.) Plaintiffs assert that since 1996, the defendant's sole
28 competition in the RV/boat gas absorption refrigerator market was Norcold, Inc. ("Norcold"), but

1   that Norcold no longer exists.  (*Id.* at 4, n.2.)  Furthermore, according to plaintiffs, although both
2   defendant and Norcold had issues with gas absorption refrigerators causing corrosion, leaks, and
3   fires, they pursued distinct approaches to the problem that involved different technologies and
4   devices and were not temporally related in any way.  (*Id.*)  Accordingly, plaintiffs argue that "it is
5   impossible that the Document—authored seventeen years ago—could reveal any information that
6   would cause Dometic current, clearly defined and very serious injury to its business—a necessary
7   element to their motion to seal."  (*Id.*) (internal quotation marks omitted).

8        In its reply, defendant counters plaintiffs' assertion that Norcold no longer exists, pointing
9   to "readily available information" that Norcold still exists and continues to sell gas absorption
10  refrigerators.  (Doc. No. 99 at 3) (citation omitted).  In addition, defendant notes: "as Plaintiffs
11  themselves contend, Norcold 'pursued completely different approaches' to the issues that led to
12  Dr. Buc's testing . . . . " (*Id.*) (citation omitted).  Defendant contends that its approach to
13  addressing the defect is far superior to the approaches Norcold has thus far adopted, giving
14  Norcold a strong incentive to replicate Dr. Buc's testing and processes, which were conducted
15  under defendant's direction and expense.  (*Id.* at 4.)  Defendant argues that Norcold "could
16  certainly attempt to do so with the information contained in the Document as it describes aspects
17  of the timing, materials, orifice sizes, distances, and temperatures used to test" defendant's
18  approach to the problems mentioned.  (*Id.* at 4.)  In addition, defendant cites a recent district court
19  decision, *Hoog v. Dometic Corp.*, No. 20-cv-00272-JD, 2023 WL 6380001, at *9 (W.D. Okla.
20  Sept. 29, 2023), in which the court found that there was good cause for maintaining the
21  confidentiality designations on the same exhibit at issue here in order to protect Dometic from
22  potential competitive harm.  (Doc. No. 99 at 4.)

23       Here, the court finds that defendant has demonstrated good cause to warrant the sealing of
24  the Document.  The Document contains sensitive proprietary information related to product
25  testing conducted by Dr. Buc, including specific testing procedures, such as the materials,
26  temperatures, leak sizes, and distances that were used in the tests.  Defendant has convincingly
27  articulated how the public disclosure of its testing methods could confer advantages to its
28  competitor Norcold, thus meeting the good cause standard in supporting its request to seal the

1  Document. *See In re Insogna*, No. 3:19-cv-01589-LAB-AHG, 2020 WL 85487, at *12 (S.D. Cal.
2  Jan. 3, 2020) (finding good cause to seal exhibits which included information related to the
3  "[p]laintiff's product development and testing process, which could provide competitors with
4  insights into Plaintiff's business that they would not otherwise have").

5        Furthermore, the court finds the *Hoog* decision, issued on the same day that defendant
6  filed its notice of supplemental authority and reply, to be particularly compelling.  In that case,
7  the district court reached the conclusion that segments of Dr. Buc's deposition transcript could
8  enable a competitor to infer "which components of the units Dr. Buc was testing" and "how the
9  results of her testing drove additional testing." 2023 WL 6380001, at *6.  The district court then
10 acknowledged that the same exhibit at issue here contains internal emails discussing various
11 facets of Dr. Buc's testing, including "sample size, specific tests performed and the detailed
12 results of those tests, the parameters chosen by Dometic and Dr. Buc, and the materials used by
13 Dr. Buc in her testing" and that "[t]he emails appear to contain more details about Dr. Buc's
14 testing than the confidential portions of her deposition transcript noted above." *Id.* at *9.
15 Consequently, the court in *Hoog* found good cause for maintaining the confidentiality
16 designations of that exhibit, which is the same as the Document at issue in this case. *Id.*
17       Accordingly, defendant's request to require plaintiffs to file the Document under seal
18 pursuant to Local Rule 141 (Doc. No. 93) will be granted.

**CONCLUSION**

20 For the reasons explained above,
21     1.    Defendant's request to seal (Doc. No. 93) is granted;
22     2.    To the extent plaintiffs proceed with filing the Document as an attached exhibit to
23         their forthcoming motion for reconsideration/clarification, the Document shall be
24         filed under seal and shall remain sealed until further order of this court; and
25 /////
26 /////
27 /////
28

3.  The parties are reminded to comply with Local Rule 141(e) to ensure that the Document is properly filed under seal.

IT IS SO ORDERED.

Dated:   **October 4, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE