1  TERRENCE A. BEARD, State Bar No. 98013
   Email: Tbeard1053@aol.com
2  LAW OFFICES OF TERRENCE A. BEARD
   P. O. Box 1599
3  Sutter Creek, CA 95685
   (925) 778-1060
4
   Attorneys for Plaintiffs LANE LABBE', LISA LABBE', JANE LABBE'
5  and APRIL TOMCZAK

6

7

8              **UNITED STATES DISTRICT COURT**

9     **EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION**

10 LANE LABBE', LISA LABBE', JANE          No:  2:20-CV-01975-KJM-DMC
   LABBE', APRIL TOMCZAK,
11                                          **PLAINTIFFS'  MOTION  FOR
           Plaintiffs,                      CLARIFICATION  OR,  IN  THE
12                                          ALTERNATIVE, RECONSIDERATION
   vs.                                      OF ECF NO. 92**
13
   DOMETIC CORPORATION, a Delaware
14 corporation,  and      DOES 1 to 50,
   inclusive,
15
           Defendants.
16 _____/

17

18

19        Plaintiffs Lane Labbe', Lisa Labbe', Jane Labbe' and April Tomcyzk (hereinafter

20 collectively referred to as "Plaintiffs"), by and through their undersigned counsel, hereby

21 request clarification or, in the alternative, reconsideration of Section II(A) of the Magistrate

22 Judge's  September 1, 2023 Order (ECF No. 92) (September 1, 2023 Order), as set forth

23 below.

24            **OVERVIEW OF MOTION AND REQUESTED RELIEF**

25        This motion seeks clarification/reconsideration of the Magistrate Judge's September

26 1, 2023 order denying plaintiffs' motion to compel the production of the Buc Testing

27

28                                   1

1  Material on the grounds that the entirety of the Buc Testing Material is covered by the
2  attorney-client privilege and work product doctrine.[1]

3      There can be no dispute regarding the relevancy of the Buc Testing Material to the
4  claims and defenses of the parties in this action.   The Magistrate has previously found the
5  Buc Testing Material to be relevant;  Dometic has never challenged that finding; and the
6  District Court has never overruled that finding.   Rather, the issues that remain unresolved
7  by the Magistrate's September 1, 2023 order is the scope of the attorney-client privilege
8  asserted by Dometic;  whether the attorney-client and/or work product claims have been
9  waived;  and whether the Magistrate's  September 1, 2023 order is a valid exercise of
10  discretion in light of the fact that no *in camera* review of the Buc Testing Material has ever
11  been conducted.

12      Plaintiffs submit that the Magistrate's  September 1, 2023 order that the attorney-
13  client privilege applies to the entirety of the Buc Testing Material is contrary to the record
14  and cannot stand in light of Dometic's stated position that the attorney-client privilege only
15  applies to a portion (unspecified) of the material in dispute.  Plaintiffs further submit that the
16  Magistrate's order is incomplete in that it does not address the subject matter waiver
17  arguments plaintiffs' raised in the original Joint Statement of Discovery Dispute, nor does
18  it address the crucial distinction raised by Dometic itself regarding the discoverability of
19  material that is not claimed to be privileged, but merely work product.

20      Finally,  plaintiffs submit that it is impossible for the Magistrate to properly exercise
21  its discretion to make an informed and non-speculative decision on the discoverability of any
22  part of the Buc Testing Material without first reviewing the Buc Testing Material itself to
23  determine what part of the Buc Testing Material is privileged, what part is discoverable work
24  product, and what part is discoverable because it is neither.

25      Plaintiffs therefore seek clarification/reconsideration of the Magistrate's September
26
27      [1]  See, ECF 92, Section II(A).
28
PLAINTIFFS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION OF ECF NO. 92
Labbe'/Tomczak vs. Dometic Corporation, et al.
No.: 2:20-cv-01975-KJM-DMC

1, 2023 order.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs sought discovery of the BUC TESTING MATERIAL in their original discovery requests to Dometic in 2021.[2]   The parties submitted a Joint Statement of Discovery Dispute on July 6, 2022 that included arguments for and against the production of the Buc Testing Material.[3]   The Magistrate held a hearing on the discovery issues on July 20, 2022, and issued an order on July 29, 2022 that overruled Dometic's attorney-client privilege claims concerning the Buc Testing Material, ruling that the discoverability of the material was a question of "relevance, not privilege".[4]   The Magistrate requested further briefing on the relevance of the Buc Testing Material.   On March 31, 2023 the Magistrate issued an order finding that the Buc Testing Material was relevant, and ordered it produced.[5] Dometic has never challenged the Magistrate's relevancy finding.

Dometic  filed a motion for clarification/reconsideration of the Magistrate's original July 29, 2022 order on August 12, 2022.[6]  Dometic did not challenge the Magistrate's ruling that the Buc Testing Material was not protected by the attorney-client privilege.[7]   Instead, Dometic's motion was limited to the Magistrate's failure to specifically address Dometic's work product claims, and the Magistrate's ruling that Dometic had waived it's work product claims by failing to file a privilege log.[8]   In it's March 31, 2023 Order, the Magistrate

---

[2]   See, ECF No. 51, Interrogatory No. 62, at p. 204

[3]   See, ECF No. 49, at 36:25 - 57:5.

[4]   See, ECF No. 55, at 14:20 - 21.

[5]   See, ECF No. 82, at 9:24 - 10:4.

[6]   See, ECF No. 62.

[7]   See, ECF No. 82, at 7:25 - 27.

[8]   See, ECF Nio. 62, at 2:20 - 24 ["...Dometic has not asserted the attorney-client privilege over all the Buc Testing Materials; it asserts the attorney-client privilege only as communications

1  clarified that Dometic's work product claims regarding the Buc Testing Material had been
2  waived.

3      Dometic sought reconsideration of the Magistrate's March 31, 2023 order with the
4  District Court on April 6, 2023.   Again, Dometic motion did not challenge the Magistrate's
5  ruling on the relevancy of the Buc Testing Material, or on the Magistrate's ruling that the
6  attorney-client privilege was inapplicable.     Rather, the motion was limited to the
7  Magistrate's finding that Dometic's work product claims had been waived for failure to file
8  a privilege log.

9      On June 14, 2023, the District Court vacated the Magistrate's order, and returned the
10  matter to the Magistrate for a determination of Dometic's attorney-client and work product
11  privilege claims "on the merits and not based on waiver".[9]     No further briefing was
12  submitted by the parties, and no new facts or evidence were adduced.   On September 1,
13  2023, the Magistrate issued the order that is the subject of this motion, finding that all of the
14  Buc Testing Material  is protected  from disclosure by the attorney-client privilege and the
15  work product doctrine.[10]

16

17

18

19

20

21  related to Dr. Buc's testing. Instead, Dometic asserts that the Buc Testing Materials are protected by
22  the work product doctrine, which specifically extends to factual material created in anticipation of
   litigation...."]
23

   [9]   See, ECF No. 91, at 9:2-5.
24

   [10]   See, ECF No. 92, at 6:25 - 28.
25

26

27

28                                                4

**ARGUMENT**

**I.**

**THE MAGISTRATE'S SEPTEMBER 1, 2023 ORDER IS CONTRARY TO THE RECORD.**

The Magistrate's September 1, 2023 order applies the attorney-client privilege to the entirety of the Buc Testing Material.   This ruling is contrary to the record and clearly erroneous, in that Dometic has repeatedly stated that their attorney-client privilege claims only apply to a limited portion of the Buc Testing Material.[11]   Given the limited scope of Dometic's attorney-client privilege claims, the Magistrate's order applying the attorney-client privilege to the entirety of the Buc Testing Material was clearly erroneous and an abuse of discretion that requires clarification/correction to avoid reversible legal error.

**II.**

**THE MAGISTRATE'S SEPTEMBER 1, 2023 ORDER FAILS TO ADDRESS PLAINTIFFS' SUBJECT MATTER WAIVER CLAIMS.**

In the original Joint Statement of Discovery Dispute, plaintiffs specifically raised the issue of subject matter waiver and implied waiver of the attorney-client privilege and work product claims regarding the Buc Testing Material.[12]

Specifically, plaintiffs raised the fact that the Buc Testing Material was intentionally and publicly disclosed when Dometic filed their Chronology of Events with NHTSA - including the facts of the Buc testing, the methodology used and the results obtained from the testing.   Such public disclosure to a federal agency constitutes a waiver of both the

---

[11]   See, e.g., ft. 8, *supra.*

[12]   See,  ECF No. 49, at p. 40:1 - 42:10.

attorney-client privilege and work product claims pursuant to Fed. R. Civ. P. 502(a). Plaintiffs have also asserted that Dometic impliedly waived their attorney-client privilege claims by making the Buc Testing Material a material issue in the case, i.e. a defense to plaintiffs' negligence-based claims, including the claim for inadequate recall , based on the assertion that Buc's work leading to the initiation of the recalls and the development of the Secondary Burner Housing (SBH) recall device were reasonable responses to the continuing fire claim history of Dometic-branded gas absorption refrigerators.

These arguments have never been ruled upon by either the Magistrate or the District Court. This omission is material and relevant to the current discovery dispute, in that a finding of waiver would eliminate both Dometic's attorney-client and work product claims, mandating that the Buc Testing Material - already ruled relevant by the Magistrate - be produced. Fairness dictates that the Magistrate's September 1, 2023 order be clarified to address these arguments and issue an order on the merits thereof.

### III.

**THE INCONSISTENT ORDERS ENTERED TO DATE REGARDING THE DISCOVERABILITY OF THE BUC TESTING MATERIAL REQUIRE AN IN CAMERA REVIEW.**

Dometic has stated unequivocally that the attorney-client privilege does not apply to the entirety of the Buc Testing Material. At the same time, Dometic claims that all of the Buc Testing Material is attorney work product. The distinction is critically material - and unaddressed - by the Magistrate's most recent order.

Material that is merely work product is not entitled to the same level of protection as material covered by the attorney-client privilege. Objections to discovery based on work product claims can be overcome upon a proper showing - regardless of whether the work

product at issue involves an attorney's opinions, or "ordinary" work product (e.g. charts, diagrams, photographs, compilations of documents, consultant reports and other raw information). Fed. R. Civ. P. 26(b)(3); *Holmgren vs. State Farm Mut. Auto Ins. Co.* (9th Cir. 1992), 976 F 2d 573, 577 (S.D. Cal. 1999); *Gundacker vs. Unisys Corp* (8th Cir. 1998151 F 3d 842, 848; *Martin vs. Bally's Park Place Hotel & Casino* (3rd Cir. 1993), 983 F2d 1252, 1262.   When discovery seeks material that is deemed "opinion" work product, the bar to overcome protection is high, but not absolute.   The need must be compelling, and the information directly at issue.   Where the material is 'ordinary" work product - such as the Buc Testing Material - discovery is appropriate upon a showing of good cause, i.e., a showing by the requesting party of substantial need for the material to prepare its case and who cannot, without undue hardship, obtain substantially equivalent information by other means.   FRCP 26(b)(3)(A)(ii);  *Hickman vs. Taylor* (1947), 329 US 495, 511 - 512.

Every cause of action asserted by the plaintiffs in this case involves - to a substantial extent - the same three questions - what did Dometic know about dangerous safety-related defects in their gas absorption refrigerators; when did they know it; and, what did they do about it?   The answer to these questions is inextricably tied to the Buc Testing Material, in that Dometic claims that it was not until Buc's testing that they discovered that a leak in their refrigerators could cause a fire.

Plaintiffs also have a substantial need to discover the Buc Testing Material to prepare to meet the defenses anticipated at trial, including Dometic's defense that they at all times acted reasonably in initiating, prosecuting and monitoring product safety recalls of their refrigerators - which in turn were all based on Buc's testing and conclusions.   Further, it is without dispute that the plaintiffs' cannot obtain the Buc Testing Material from any other source.   Buc herself testified that she sent all of the documents generated by her testing to

PLAINTIFFS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION OF ECF NO. 92
Labbe'/Tomczak vs. Dometic Corporation, et al.
No.: 2:20-cv-01975-KJM-DMC

1  Dometic, and did not keep a copy.   As such, the only source for this critically relevant

2  information is production of the Buc Testing Material  through document production by

3  Dometic.

4      Given the record in this case and the conflicting orders entered to date, plaintiffs

5  submit that it is impossible for the Magistrate to make an informed decision of what portion

6  of the Buc Testing Material constitutes attorney-client information that is not discoverable;

7  what part constitutes opinion work product that is discoverable upon a showing of

8  compelling need; and, what part constitutes  ordinary work product that only requires a

9  showing of substantial need, *without reviewing the Buc Testing Material itself*.[13]

10     Federal courts routinely conduct *in camera* reviews to sort through just these types of

11  disputes over claims of privilege and work product.   Plaintiffs requested an *in camera*

12  review of the Buc Testing Material in their original Joint Statement of Discovery Dispute.[14]

13  Plaintiffs again request that the Magistrate conduct an *in camera* review of the entirety of the

14  Buc Testing Material to determine what is privileged, what is work product and what is

---

16  [13]   The need for an *in camera* review of the Buc Testing Material is all the more necessary
17  in light of the fact that Dometic is fuzzy on how the line is drawn between material that is covered
by the attorney-client privilege, material that is work product, and material that is neither - yet
18  relevant to the claims and defenses of the parties.   See, for example, the 2006 email string from
Patrick McConnell regarding the Buc Testing that Dometic produced in discovery in this case, albeit
19  marked confidential.   The District Court granted Dometic's motion to retain the document's
confidentiality designation on the grounds that the document contains details of testing Buc did on
20  Dometic gas absorption refrigerators - the very same type of information Dometic claims is
contained in the Buc Testing Material, and is off limits as privileged or work product. See, ECF No.
21  100, at 5:23 - 26.   It is reasonable to assume that there are many more documents encompassed
within the Buc Testing Material which are similar to the McConnell email string, i.e. confidential
22  but relevant and discoverable, rather than privileged or work product.   An *in camera* review of the
23  entirety of the Buc Testing Material is the only way to determine the discoverability of the
documents one way or the other.

25  [14]   See, ECF No. 49, at 44:3 - 6, ft. 45.

discoverable.   Absent such a review, the Magistrate's September 1, 2023 order is without factual basis, an abuse of discretion, and reversible legal error.

### IV.   RELIEF REQUESTED

For the reasons stated herein, plaintiffs' respectfully request that the Magistrate enter an order providing the following relief:

1). Grant plaintiffs' motion for clarification/reconsideration and vacate its September 1, 2023 order;

2).  Enter an order regarding plaintiffs' claims that Dometic's attorney client/work product claims have been waived;

3).  Order Dometic to provide the entirety of the Buc Testing Material for *in camera* review within fifteen (15) days of the date of the Magistrate's order;

4).  Conduct an *in camera* review to sort the Buc Testing Material into the following four categories:

> a).  Material that is protected by the attorney-client privilege and not discoverable;
>
> b).  Material that is attorney work product and not discoverable;
>
> c).  Material that is attorney work product and discoverable pursuant to Fed. R. Civ. P. 26(b)(3)(A)(ii);
>
> d).  Material that is not covered by either the attorney-client privilege or the work product doctrine, but otherwise relevant to the claims and defenses of the parties and discoverable.

5).  Order Dometic to produce the Buc Testing Material it determined is discoverable within 15 days of its order regarding the results of its *in camera* review.

**PLAINTIFFS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION OF ECF NO. 92**
Labbe'/Tomczak vs. Dometic Corporation, et al.
No.: 2:20-cv-01975-KJM-DMC

1 | DATED: 10/9/23                    */s/ Terrence A. Beard*

2 | _____

3 |                                   TERRENCE A. BEARD

4 |                                   Law Offices of Terrence A. Beard

5 |                                   P.O. Box 1599

6 |                                   Sutter Creek, CA 95685

7 |                                   Tel.:    (925) 778-1060

8 |                                   Email:   Tbeard1053@aol.com

10

**PLAINTIFFS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION OF ECF NO. 92**
**Labbe'/Tomczak vs. Dometic Corporation, et al.**
**No.: 2:20-cv-01975-KJM-DMC**

10

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on October 9, 2023, I electronically filed the foregoing

3   PLAINTIFFS' RESPONSE IN OPPOSITION TO DOMETIC'S MOTION TO SEAL (ECF

4   No. 93) with the Clerk of the United States District Court for the Eastern District of

5   California by using the CM/ECF system.   I certify that all participants in the case are

6   registered CM/ECF users, including the attorneys named below, and that service will be

7   accomplished by the CM/ECF system.

8

9   | Krsto Mijanovic (Bar No. 205060) | Erica Rutner |
10  | kmijanovic@hbblaw.com | Moore I Lee |

| Krsto Mijanovic (Bar No. 205060)<br>kmijanovic@hbblaw.com<br>Leah B. Mason (Bar No. 240425)<br>lmason@hbblaw.com<br>HAIGHT BROWN &<br>BONESTEEL LLP<br>555 South Flower Street,<br>Forty-Fifth Floor<br>Los Angeles, California 90071<br>Telephone: 213.542.8000<br>Facsimile: 213.542.8100<br><br><br>*Attorneys for Dometic Corporation* | Erica Rutner<br>Moore I Lee<br>501 East Las Olas Blvd. # 200<br>Fourt Lauderdale, FL 33301<br>703-940-3763<br>Fax: 703-506-2051<br>Email:erutner@mooreandlee.com<br><br>*Attorneys for Dometic*<br>*Corporation* |

17

18                          */s/ TERRENCE A. BEARD*

19                          _____

20                          TERRENCE A. BEARD

21

22

23

24

25

26

27

28
                                   11