UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANE LABBE', et al.,

Plaintiffs,

v.

DOMETIC CORPORATION,

Defendant.

No. 2:20-cv-01975-DAD-ICD

ORDER ENTERING JUDGMENT AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF APRIL TOMCZAK ONLY PURSUANT TO NOTICE OF ACCEPTED RULE 68 OFFER

(Doc. No. 202)

On July 23, 2026, defendant Dometic Corporation ("defendant Dometic") sent plaintiffs a Rule 68 Offer of Judgment. (Doc. No. 202 at 5.) On August 24, 2026, plaintiff April Tomczak ("plaintiff Tomczak") filed a notice of acceptance of defendant's Federal Rule of Civil Procedure 68 Offer of Judgment. (*Id.* at 1.) Therein, plaintiff Tomczak states that she accepted $100,000.00 pursuant to the terms of the accepted Rule 68 offer. (*Id.*)

On September 3, 2026, the court issued an order directing the parties to file a joint status report clarifying whether the Rule 68 Offer of Judgment was conditioned on acceptance by all plaintiffs in order for plaintiff Tomczak's acceptance to be effective. (Doc. No. 203.) The need for clarification was due to the Rule 68 offer stating that if plaintiffs did not accept the offer within fourteen days, then it would be withdrawn. (*Id.* at 2.)

On September 8, 2026, the parties filed a joint status report. (Doc. No. 204.) Therein, the parties state that the Rule 68 Offer of Judgment constituted separate settlement offers to each individual plaintiff who could accept their offers "independently of one another[]" and would be "severable and separately acceptable according to its terms." (*Id.* at 1.) The parties further state that plaintiff Tomczak understood the offer that she accepted to be solely directed to her and that acceptance of it would not apply to, or be dependent upon acceptance by, any other plaintiff in this action. (*Id.*)

Under Federal Rule of Civil Procedure 68(a), a defendant may serve an offer to allow judgment on specified terms to the opposing party at least two weeks before trial. Fed. R. Civ. P. 68(a). Any acceptance by the opposing party of the offer must be made through written notice. *Id.* Thereafter, "either party may then file the offer and notice of acceptance, plus proof of service." *Id.*

Here, defendant Dometic served all plaintiffs with a Rule 68 offer of judgment that was not conditioned upon the acceptance by all of them in order for each individual offer to be valid. As to plaintiff Tomczak, defendant Dometic offered her $100,000.00 with each party to bear their own fees and costs. (Doc. No. 202 at 6.) Plaintiff Tomczak accepted the offer on August 12, 2026 after defendant Dometic extended the deadline for acceptance to August 13, 2026. (Doc. No. 204 at 1–2.) The parties agree that plaintiff Tomczak's acceptance of the Rule 68 Offer of Judgment was effective and formed a binding settlement between her and defendant. (*Id.* at 2.) Plaintiff Tomczak now requests that judgment be entered in her favor only and against defendant Dometic in the sum of $100,000.00.

Accordingly,

1. The Clerk of the Court is directed to enter judgment in favor of plaintiff Tomczak and against defendant Dometic in the amount of $100,000.00, with each of those two parties to bear their own fees and costs (Doc. No. 202); and

/////

/////

/////

2. This case proceeds only on the claims asserted by plaintiffs Lane Labbe, Lisa Labbe, and Jane Labbe against defendant Dometic Corporation.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE